Theodore Stevenson III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
300 Crescent Court, Suite 1500
MCKOOL SMITH, P.C.
Dallas, Texas 75201
Telephone: (214) 978-4000
Fax: (214) 978-4044

Kevin Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Pierre Hubert
Texas State Bar No. 24002317
phubert@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th St., Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Fax: (512) 692-8744

Michael D. Rounds
Nevada Bar No. 4734
mrounds@watsonrounds.com
Adam K. Yowell
Nevada Bar No. 11748
ayowell@watsonrounds.com
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV 89511-2083
Telephone: (775) 324-4100
Fax: (775) 333-8171

**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA
RENO DIVISION

| | |
|---|---|
| UNWIRED PLANET LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CIVIL ACTION NO.<br><br>3:12-CV-00505-RCJ-VPC<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>(JURY DEMAND) |

-1-

Plaintiff Unwired Planet LLC files this First Amended Complaint for Patent Infringement against Apple Inc. (Apple), and alleges as follows:

## JURISDICTION

1. This is an action arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

## VENUE

2. This Court has personal jurisdiction over the Defendant Apple. Apple has conducted and does conduct business within the State of Nevada. Apple, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products and/or services in the United States, the State of Nevada, and the District of Nevada. Apple, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and/or used by consumers in the District of Nevada. These infringing products and/or services have been and continue to be purchased and/or used by consumers in the District of Nevada. Apple has committed acts of patent infringement within the State and District of Nevada.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b). A substantial part of the events giving rise to Unwired Planet's claims occurred in the District of Nevada and Apple is subject to personal jurisdiction in the district.

## PARTIES

4. Plaintiff Unwired Planet LLC is a Nevada entity having a principal place of business at 226 California Ave., Reno, NV 89509. "Unwired Planet" refers to Plaintiff and its predecessors in interest referred to herein for the patents-in-suit.

5. Unwired Planet has a long history of innovative technical contributions, as set forth below, including the patents-at-issue in this lawsuit.

6. Defendant Apple is a corporation organized under the laws of California with its principal place of business at 1 Infinite Loop, Cupertino, California 95014-2083.

7. Apple makes, uses, imports into the United States, sells and/or offers for sale in the United States various systems and/or services, servers, and mobile devices, including within this District. Apple can be served with process by serving its registered agent in Nevada, The Corporation Trust Company of Nevada at 311 S. Division St., Carson City, NV 89703.

## **BACKGROUND**

8. Unwired Planet, founded in 1994, is widely regarded as a pioneer of the mobile internet. Unwired Planet invented many of the fundamental technologies that allowed mobile devices to connect to the internet in meaningful ways. For example, Unwired Planet was instrumental in developing the Wireless Application Protocol (WAP), which was the first widely-used standard that allowed mobile devices such as cellular phones to connect to the internet.

9. Unwired Planet was founded with the vision of bringing the "internet-in-your-pocket" to the world. But, at the time of the inventions at issue here, most technology firms were not interested. While Unwired Planet saw the need for applications and environments that could leverage emerging devices and increasing bandwidth, other technology firms were too focused on their old way of doing business. As a result, Unwired Planet was the first to put an internet browser into a phone, signing a deal with AT&T in 1996 through its predecessor company, Libris.

10. In 1997, Unwired Planet began pushing for a worldwide standard for mobile internet access by teaming up with some of the leading global handset manufacturers to found the WAP Forum. The purpose of the WAP Forum was to develop a standard worldwide wireless internet technology so that content providers could use existing content when creating mobile services. The WAP Forum was a resounding success, and by 1999, over 150 wireless companies were integrating the WAP standard into their products, covering approximately 95% of the world market for cellular handsets. By 2001 the WAP Forum had grown to more than 500 members.

11. Unwired Planet issued an initial public stock offering in 1999, changing its name to Phone.com to reflect the company's emphasis on providing internet to wireless devices through

-3-

1  its browser software and developer tools. These products included Up.Mail (which delivered e-
2  mail to wireless telephones), Up.Organizer (a personal information management application),
3  Up.Web (which allowed subscribers to manage and configure the other programs from their PCs),
4  Up.Browser (a wireless phone browser), and Up.Smart (a PDA software application for wireless
5  phones), among others. By August 1999, 31 network operators across the globe had licensed
6  Phone.com's software. Phone.com flourished, providing its access software to companies around
7  the globe. USA Today called Phone.com "the linchpin for the wireless internet" in a July 2000
8  article, stating that Phone.com's software touched approximately 80 percent of Web-enabled
9  phones at the time. Bloomberg named Alain Rossmann one of the founders of Unwired Planet,
10 among the "Top Entrepreneurs of 1999."

11  12. In 2000, Phone.com merged with Software.com to form Openwave Systems Inc.,
12  the predecessor to the current-day Unwired Planet, in a $6.4 billion merger. Openwave continued
13  to grow and innovate. By mid-2001, about 97 percent of internet-ready mobile phones in the
14  United States and approximately 75 percent overseas used an Openwave browser. By July 2001
15  Openwave had increased in size to approximately 2,200 employees worldwide, and the company
16  earned revenues of over $465 million for fiscal year 2001.

17  13. Through its innovation and technological leadership, Openwave was awarded a
18  sizeable portfolio of over 200 patents. Many of these patents disclose and protect the
19  foundational aspects of today's most widely-used mobile technologies, such as mobile internet,
20  location-based services, and e-commerce applications.

21  14. Unfortunately, merely having patents did not protect Openwave from infringing
22  competition. As Openwave's revenues and market share fell, it was forced to downsize its own
23  employees. With the onslaught of infringing competition having forced Openwave out of the
24  market it created, in April 2012 Openwave sold its product businesses, but retained the patents it
25  had been awarded. After selling off its product businesses, Openwave changed its name back to
26  Unwired Planet, Inc., Unwired Planet Inc. is the parent of, and the predecessor in interest of,
27  Plaintiff Unwired Planet, LLC. Unwired Planet retained its patents, representing almost two
28  decades of investment, allowing the company to focus its efforts on licensing its fundamental

-4-

patent portfolio to the companies whose infringement put it out of the software and service businesses.

### THE PATENTS

15. United States Letters Patent No. 6,317,594 ("the '594 Patent"), entitled "System and Method for Providing Data to a Wireless Device upon Detection of Activity of the Device on a Wireless Network," was duly and legally issued to inventors William E. Gossman and Peter J. Hartmaier on Nov. 13, 2001. Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '594 Patent, and is entitled to sue for past and future infringement. A true and correct copy of the '594 Patent is attached hereto as Exhibit A and incorporated herein by reference.

16. United States Letters Patent No. 6,317,831 ("the '831 Patent"), entitled "Method and Apparatus for Establishing a Secure Connection over a One-way Data Path," was duly and legally issued to inventor Peter F. King on Nov. 13, 2001. Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '831 Patent, and is entitled to sue for past and future infringement. A true and correct copy of the '831 Patent is attached hereto as Exhibit B and incorporated herein by reference.

17. United States Letters Patent No. 6,321,092 ("the '092 Patent"), entitled "Multiple Input Data Management for Wireless Location-based Applications," was duly and legally issued to inventors James Fitch, David L. Hose, and Michael McKnight on Nov. 20, 2001. Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '092 Patent, and is entitled to sue for past and future infringement. A true and correct copy of the '092 Patent is attached hereto as Exhibit C and incorporated herein by reference.

18. United States Letters Patent No. 6,532,446 ("the '446 Patent"), entitled "Server Based Speech Recognition User Interface for Wireless Devices," was duly and legally issued to inventor Peter F. King on Mar. 11, 2003. Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '446 Patent, and is entitled to sue for past and future infringement. A true and correct copy of the '446 Patent is attached hereto as Exhibit D and incorporated herein by reference.

-5-

1    19.     United States Letters Patent No. 6,647,260 ("the '260 Patent"), entitled "Method and System Facilitating Web Based Provisioning of Two-Way Mobile Communications Devices," was duly and legally issued to inventors Steve Dusse, Peter F. King, Bruce V. Schwartz, and Bruce K. Martin, Jr. on November 11, 2003. Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '260 Patent, and is entitled to sue for past and future infringement. A true and correct copy of the '260 Patent is attached hereto as Exhibit E and incorporated herein by reference.

20.     United States Letters Patent No. 6,813,491 ("the '491 Patent"), entitled "Method and Apparatus for Adapting Settings of Wireless Communication Devices in Accordance with User Proximity," was duly and legally issued to inventor Aldan Martin McKinney on Nov. 2, 2004. Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '491 Patent, and is entitled to sue for past and future infringement. A true and correct copy of the '491 Patent is attached hereto as Exhibit F and incorporated herein by reference.

21.     United States Letters Patent No. 7,020,685 ("the '685 Patent"), entitled "Method and Apparatus for Providing Internet Content to SMS-based Wireless Devices," was duly and legally issued to inventors David A. Chen and Piyush Patel on Mar. 28, 2006. Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '685 Patent, and is entitled to sue for past and future infringement. A true and correct copy of the '685 Patent is attached hereto as Exhibit G and incorporated herein by reference.

22.     United States Letters Patent No. 7,233,790 ("the '790 Patent"), entitled "Device Capability based Discovery, Packaging and Provisioning of Content for Wireless Mobile Devices," was duly and legally issued to inventors Rikard M. Kjellberg, Sheng Liang, Tomas G. Lund, William Chan, Ramakrishna Chinta, and Xinbi Chen on Jun. 19, 2007. Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '790 Patent, and is entitled to sue for past and future infringement. A true and correct copy of the '790 Patent is attached hereto as Exhibit H and incorporated herein by reference.

23.     United States Reissued Patent No. US RE43,113 E ("the '113 Patent"), entitled "Domain-based management of distribution of digital content from multiple suppliers to multiple

-6-

1  wireless services subscribers," was duly and legally issued to inventors Rikard M. Kjellberg, Sheng Liang, Tomas G. Lund, and William Chan. Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '113 Patent, and is entitled to sue for past and future infringement. A true and correct copy of the '113 Patent is attached hereto as Exhibit I and incorporated herein by reference.

24. United States Letters Patent No. 7,522,927 ("the '927 Patent"), entitled "Interface for Wireless Location Information," was duly and legally issued to inventors James Fitch, David Hose, and Michael McKnight on Apr. 21, 2009. Plaintiff Unwired Planet owns by assignment the entire right, title, and interest in the '927 Patent, and is entitled to sue for past and future infringement. A true and correct copy of the '927 Patent is attached hereto as Exhibit J and incorporated herein by reference.

25. The '594, '831, '092, '446, '260, '491, '685, '790, '113, and '927 Patents (collectively, the Asserted Patents) cover inventions relating to wireless devices, management of wireless devices, management of messages and data for wireless devices, location services, and speech recognition.

**CLAIM FOR PATENT INFRINGEMENT**

26. Plaintiff Unwired Planet repeats and realleges the allegations in paragraphs 1–25 as though fully set forth herein.

27. Apple directly infringes one or more claims of each of the Asserted Patents under 35 U.S.C. § 271. Apple is making, using, selling, offering for sale, exporting, and/or importing Accused Products and Services which infringe one or more claims of each of the Asserted Patents, as set forth in the table below. Further discovery may reveal additional infringing products and/or models.

-7-

McKool 884702v1McKool 819620v3

| Asserted Patent | Accused Products and Services |
|---|---|
| 6,317,594 | Mobile App Systems and/or Services (including Apple App Store, Apps, Apple Push Notification Service (APNS), iAds, and Location Services including Safari web browser, Apple Maps, Local Search), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones, tablets, and music players with the iOS operating system including iPhones, iPads, and iPods) |
| 6,317,831 | Mobile App Systems and/or Services (including Apple App Store, Apps, and APNS), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones, tablets, and music players with the iOS operating system including iPhones, iPads, and iPods) |
| 6,321,092 | Mobile App Systems and/or Services (including iAds, and Location Services including Safari web browser, Apple Maps, Local Search), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones, tablets, and music players with the iOS operating system including iPhones, iPads, and iPods) |
| 6,532,446 | Mobile App Systems and/or Services (including Siri), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones, tablets, and music players with the iOS operating system including iPhones, iPads, and iPods) |
| 6,647,260 | Mobile App Systems and/or Services (including iTunes, Apple App Store, and Apps), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones, tablets, and music players with the iOS operating system including iPhones, iPads, and iPods) |
| 6,813,491 | Mobile Devices (including mobile phones, tablets, and music players with the iOS operating system including iPhones, iPads, and iPods) |
| 7,020,685 | Mobile App Systems and/or Services (including Siri), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones, tablets, and music players with the iOS operating system including iPhones, iPads, and iPods) |
| 7,233,790 | Mobile App Systems and/or Services (including iTunes, Apple App Store, and Apps), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones, tablets, and music players with the iOS operating system including iPhones, iPads, and iPods) |

-8-

McKool 884702v1McKool 819620v3

| Asserted Patent | Accused Products and Services |
|---|---|
| RE43,113 | Mobile App Systems and/or Services (including iTunes, Apple App Store, and Apps), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones, tablets, and music players with the iOS operating system including iPhones, iPads, and iPods) |
| 7,522,927 | Mobile App Systems and/or Services (including iAds, Location Services including Safari web browser, Apple Maps, Local Search, Find My iPhone, Find My iPad, and Find My Friends), Servers (including servers supporting the aforementioned Systems and/or Services), and Mobile Devices (including mobile phones, tablets, and music players with the iOS operating system including iPhones, iPads, and iPods) |

28. Apple indirectly infringes one or more claims of each of the Asserted Patents under 35 U.S.C. § 271(b). Apple has induced and continues to induce its customers and/or users of the Accused Products and services above to infringe one or more claims of the Asserted Patents above. Apple specifically intends for its customers and/or users of the Accused Products and Services above to infringe one or more claims of the Asserted Patents above in the United States because on information and belief, Apple knew of the Asserted Patents and designed the Accused Products and Services such that they would each infringe one or more claims of each of the Asserted Patents if made, used, sold, offered for sale or imported into the United States, and Apple knows that the customers and/or users of the Accused Products and Services will directly infringe one or more claims of the Asserted Patents when those customers and/or users make, use, sell, offer to sell, and/or import into the United States, the Accused Products and Services. In addition, Apple has failed to redesign the Accused Products and Services to cease infringement.

29. Apple indirectly infringes one or more claims of the Asserted Patents by contributory infringement under 35 U.S.C. § 271(c). Apple has contributed to and continues to contribute to the direct infringement of one or more claims of the Asserted Patents by customers and/or users of the Accused Products and Services. Upon information and belief, Apple knew of the Asserted Patents. Apple has sold, offered to sell, and/or imported in and into the United States the Accused Products, which Apple has known to be especially made or adapted for use in infringing the Asserted Patents and which have no substantial non-infringing uses. Apple

-9-

designed the Accused Products and Services such that they would infringe one or more claims of the Accused Patents if made, used, sold, offered for sale or imported into the United States. The accused technology has no substantial use that does not infringe one or more claims of the Asserted Patents.

30. Apple's acts of direct, contributory and induced infringement have caused damage to Unwired Planet, and Unwired Planet is entitled to recover compensatory damages sustained as a result of Apple's wrongful acts. Unless enjoined by this Court, Apple will continue to infringe the Asserted Patents, continuing to damage Unwired Planet and causing irreparable harm.

31. Apple has known about each of the Asserted Patents. Moreover, Apple lacks justifiable belief that there is no infringement, or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity. Apple's infringement is therefore willful, and Unwired Planet is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

## DEMAND FOR JURY TRIAL

Unwired Planet hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Unwired Planet respectfully requests that this Court enter judgment in their favor and grant the following relief:

A. Adjudge that Apple infringes the Asserted Patents;

B. Adjudge that Apple's infringement of the Asserted Patents was willful, and that Apple's continued infringement of the Asserted Patents is willful;

C. Award Unwired Planet damages in an amount adequate to compensate Unwired Planet for Apple's infringement of the Asserted Patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

D. Award enhanced damages by reason of Apple's willful infringement of the Asserted Patents, pursuant to 35 U.S.C. § 284;

E. Award Unwired Planet pre-judgment and post-judgment interest to the full extent allowed under the law, as well as its costs;

-10-

McKool 884702v1McKool 819620v3

|     |     |                                                                                                                                  |
| --- | --- | -------------------------------------------------------------------------------------------------------------------------------- |
|     | F.  | Enter an order finding that this is an exceptional case and awarding Unwired Planet its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; |
|     | G.  | Enter an injunction enjoining Apple, and all others in active concert with Apple, from further infringement of the Asserted Patents; |
|     | H.  | Award an accounting for damages;                                                                                                 |
|     | I.  | Award a future compulsory royalty in the event full injunctive relief is not awarded as requested; and                           |
|     | J.  | Award such other relief as the Court may deem appropriate and just under the circumstances.                                      |

Dated: May 10, 2013

Respectfully submitted,
/s/ Michael D. Rounds
Michael D. Rounds
Nevada Bar No. 4734
mrounds@watsonrounds.com
Adam K. Yowell
Nevada Bar No. 11748
ayowell@watsonrounds.com
WATSON ROUNDS
5371 Kietzke Lane
Reno, Nevada 89511
Telephone: (775) 324-4100
Fax: (775) 333-8171

Theodore Stevenson III (*pro hac vice*)
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Fax: (214) 978-4044

Kevin Burgess (*pro hac vice*)
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Pierre Hubert (*pro hac vice*)
Texas State Bar No. 24002317
phubert@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th St., Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Fax: (512) 692-8744

**ATTORNEYS FOR PLAINTIFF
UNWIRED PLANET LLC.**

-11-

McKool 884702v1McKool 819620v3