Courtland L. Reichman
California State Bar No. 268873
creichman@mckoolsmith.com
MCKOOL SMITH, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA  94065
Telephone:  (650) 394-1400
Fax:  (650) 394-1422

Theodore Stevenson III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
300 Crescent Court, Suite 1500
MCKOOL SMITH, P.C.
Dallas, Texas 75201
Telephone (214) 978-4000
Fax: (214) 978-4044

Kevin Burgess
Texas State Bar No 24006927
kburgess@mckoolsmith.com
John Campbell
Texas State Bar No. 24036314
jcampbell@mckoolsmith.com
MCKOOL SMITH, P.C.
200 W. 6th St., Suite 1700
Austin, Texas  78701
Telephone: (512) 692-8700
Fax: (512) 692-8744

*Attorneys for Plaintiff*

JOSH KREVITT, SBN 208552
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone: 212.351.4000
Facsimile:  212.351.4035

H. MARK LYON, SBN 162061
mlyon@gibsondunn.com
Y. ERNEST HSIN, SBN 201668
ehsin@gibsondunn.com
STUART M. ROSENBERG, SBN 239926
srosenberg@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| UNWIRED PLANET LLC, a Nevada limited liability company,<br><br>                           Plaintiff,<br><br>        vs.<br><br>APPLE INC., a California corporation,<br><br>                           Defendant.<br> | Case No. 4:13-cv-4134-YGR<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>**Hearing:**<br>Date:        January 6, 2014<br>Time:        2:00 pm<br>Place:       Courtroom 5<br>Judge:      Hon. Yvonne Gonzalez Rogers |

        Pursuant to this Court's Civil Local Rule 16-9 and the Standing Order for all Judges of the Northern District of California dated July 1, 2011, the parties jointly submit this Case Management Statement and Proposed Order. Counsel for Unwired Planet LLC ("Unwired Planet") and counsel for Apple Inc. ("Apple") met and conferred on December 13, 2013.

1.      **Jurisdiction and Service**

        This is an action arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* The parties agree that this court has subject matter jurisdiction over this case at least under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (any Act of Congress relating to Patents). The parties agree that no issues exist regarding personal jurisdiction. All named parties have been served and there are no unresolved issues relating to service of process.

2.      **Facts**

        a.  **Unwired Planet's Statement**

        Unwired Planet alleges that Apple infringes the following ten patents:

    •   United States Letters Patent No. 6,317,594 ("the '594 patent"), entitled "System and Method for Providing Data to a Wireless Device upon Detection of Activity of the

Device on a Wireless Network," issued to inventors William E. Gossman and Peter J. Hartmaier on Nov. 13, 2001.

- United States Letters Patent No. 6,317,831 ("the '831 patent"), entitled "Method and Apparatus for Establishing a Secure Connection over a One-way Data Path," issued to inventor Peter F. King on Nov. 13, 2001.

- United States Letters Patent No. 6,321,092 ("the '092 patent"), entitled "Multiple Input Data Management for Wireless Location-based Applications," issued to inventors James Fitch, David L. Hose, and Michael McKnight on Nov. 20, 2001.

- United States Letters Patent No. 6,532,446 ("the '446 patent"), entitled "Server Based Speech Recognition User Interface for Wireless Devices," issued to inventor Peter F. King on Mar. 11, 2003.

- United States Letters Patent No. 6,647,260 ("the '260 patent"), entitled "Method and System Facilitating Web Based Provisioning of Two-Way Mobile Communications Devices," issued to inventors Steve Dusse, Peter F. King, Bruce V. Schwartz, and Bruce K. Martin, Jr. on November 11, 2003.

- United States Letters Patent No. 6,813,491 ("the '491 patent"), entitled "Method and Apparatus for Adapting Settings of Wireless Communication Devices in Accordance with User Proximity," issued to inventor Aldan Martin McKinney on Nov. 2, 2004.

- United States Letters Patent No. 7,020,685 ("the '685 patent"), entitled "Method and Apparatus for Providing Internet Content to SMS-based Wireless Devices," issued to inventors David A. Chen and Piyush Patel on Mar. 28, 2006.

- United States Letters Patent No. 7,233,790 ("the '790 patent"), entitled "Device Capability based Discovery, Packaging and Provisioning of Content for Wireless Mobile Devices," issued to inventors Rikard M. Kjellberg, Sheng Liang, Tomas G. Lund, William Chan, Ramakrishna Chinta, and Xinbi Chen on Jun. 19, 2007.

- United States Reissued Patent No. US RE43,113 E ("the '113 patent"), entitled Domain-based management of distribution of digital content from multiple suppliers

1    to multiple wireless services subscribers," issued to inventors Rikard M. Kjellberg,

2    Sheng Liang, Tomas G. Lund, and William Chan.

3    • United States Letters Patent No. 7,522,927 ("the '927 patent"), entitled "Interface for

4    Wireless Location Information," issued to inventors James Fitch, David Hose, and

5    Michael McKnight on Apr. 21, 2009.

6    Unwired Planet states that the '594, '831, '092, '446, '260, '491, '685, '790, '113, and '927

7    patents (collectively, the Asserted Patents) cover inventions relating to wireless devices,

8    management of wireless devices, management of messages and data for wireless devices, location

9    services, and speech recognition.

10    Unwired Planet asserts three bases for infringement of the Asserted Patents. First, Unwired

11    Planet alleges that Apple directly infringes one or more claims of each of the Asserted Patents under

12    35 U.S.C. § 271. Second, Unwired Planet alleges that Apple indirectly infringes one or more claims

13    of each of the Asserted Patents under 35 U.S.C. § 271(b). Third, Unwired Planet alleges that Apple

14    indirectly infringes one or more claims of the Asserted Patents by contributory infringement under

15    35 U.S.C. § 271(c).

16    Unwired Planet also alleges that Apple's acts of direct, contributory and induced

17    infringement have caused damage to Unwired Planet, and Unwired Planet is entitled to recover

18    compensatory damages sustained as a result of Apple's wrongful acts. Unwired Planet alleges that,

19    unless enjoined by this Court, Apple will continue to infringe the Asserted Patents, continuing to

20    damage Unwired Planet and causing irreparable harm.

21    Unwired Planet further alleges that Apple has known about each of the Asserted Patents.

22    Unwired Planet alleges that Apple lacks justifiable belief that there is no infringement, or that the

23    infringed claims are invalid, and has acted with objective recklessness in its infringing activity.

24    Unwired Planet alleges that Apple's infringement is therefore willful.

25    **b.    Apple's Statement**

26    Apple asserts nine affirmative defenses and parallel counterclaims against Unwired Planet.

27    First, Apple alleges that one or more claims of the Asserted Patents are invalid and unpatentable

28

under 35 U.S.C. § 101 *et seq*. Second, Apple alleges that it has not and does not infringe any valid and enforceable claim of the Asserted Patents, directly or indirectly, literally or under the doctrine of equivalents. Third, Apple alleges that Unwired Planet's claims for relief are barred in whole or in part by the equitable doctrines of laches, estoppel, and/or waiver. Fourth, Apple alleges that Unwired Planet's claim for damages is limited by 35 U.S.C. § 286. Fifth, Apple alleges that, to the extent Unwired Planet seeks damages for any infringement occurring prior to its giving actual notice of the alleged infringement of the Asserted Patents to Apple, Unwired Planet's claims are barred pursuant to 35 U.S.C. § 287. Sixth, Apple alleges that Unwired Planet's claims are barred, in whole or in part, to the extent Apple has an express and/or implied license under one or more of the Asserted Patents and/or by the doctrine of patent exhaustion. Seventh, Apple alleges that Unwired Planet is barred from recovering costs in connection with this action under 35 U.S.C. § 288. Eighth, Apple alleges that the Complaint fails to state any claim against Apple upon which relief can be granted. Ninth, Apple alleges that four of the Asserted Patents—the '033, '790, '685, and '260 patents—are unenforceable because in each case individuals associated with prosecution of the patent committed inequitable conduct in its procurement.

**3.** **Legal Issues**

The key legal issues are as follows:

- The proper construction of disputed claim terms;
- Whether Apple has infringed and continues to infringe any valid claim of the Asserted Patents;
- Whether the claims of the Asserted Patents are invalid;
- Whether the claims of the Asserted Patents are unenforceable;
- Whether Unwired Planet's claims for relief concerning the Asserted Patents are barred by laches, estoppel, and/or waiver;
- If Apple infringes the Asserted Patents, the appropriate damages;
- If the Asserted Patents are not infringed and/or valid and/or enforceable, whether Apple is entitled to its costs, expenses, and fees.

**4.**     **Motions**

There are no currently pending motions. The parties contemplate potential summary judgment, *Daubert*, and *in limine* motions upon the close of discovery. The parties have agreed that any dispositive or *Daubert* motions must be filed by the deadline set in the Scheduling Order. Further, the parties agree that any motions *in limine* are by the deadline set in the Scheduling Order.

**5.**     **Amendment of Pleadings**

The parties do not currently expect any parties, claims, or defenses to be added or dismissed, but reserve the right to do so as discovery progresses. Because the deadline to add parties or to amend pleadings had already passed in the District of Nevada before the case was transferred, the parties do not believe a new deadline needs to be set.

**6.**     **Evidence Preservation**

The parties confirm that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportional steps taken to preserve evidence relevant to the issues reasonably evident in this action. Counsel for the parties have conferred with their respective clients and have taken reasonable steps to preserve readily-accessible evidence in their possession and control relevant to the claims or defenses in this action, including electronically-stored information. Previously, the parties had stipulated to produce electronically-stored information according to the Federal Circuit Advisory Council's Model Order Regarding E-Discovery In Patent Cases ("Model Order"). A copy of the Model Order is attached hereto as Exhibit A. The Order on the parties' stipulation from the District of Nevada is attached hereto as Exhibit B.

**7.**     **Disclosures**

While in the District of Nevada, the parties exchanged initial disclosures pursuant to Rule 26 and according to the scheduling order in the District of Nevada, and have also supplemented those disclosures to add individuals who were identified as potentially having relevant knowledge while discovery was proceeding. The parties expect that they may further supplement those disclosures as discovery proceeds.

**8.** **Discovery**

    **a. Discovery taken to date**

All parties served initial disclosures on February 1, 2013. Since then, the parties have served supplemental initial disclosures. On February 19, 2013, Unwired Planet served infringement contentions. Apple served their invalidity contentions on May 22, 2013, with supplemental contentions on June 19, 2013 and July 26, 2013.

The parties have served and responded to requests for production, requests for admission, and interrogatories. Several depositions have taken place to date.

    **b. Limitations on discovery**

While in the District of Nevada, the court previously approved the following limitations on discovery.

        1.   <u>Interrogatories</u>: A maximum of 60 interrogatories per side, including contention interrogatories.

        2.   <u>Depositions</u>: An initial approval of 100 hours of deposition per side, with Unwired Planet having leave to request additional hours as discovery proceeds.

        3.   <u>Third-party subpoenas</u>: Any party that serves a subpoena upon a third-party will simultaneously serve a copy of such subpoena upon all parties. Moreover, any party that receives documents and/or correspondence from a third-party pursuant to a subpoena will, as soon as possible, provide those documents and/or correspondence to each other party.

        4.   <u>Materials relating to expert witnesses</u>: The parties agree that draft expert reports and notes of experts are not discoverable or admissible. This agreement applies to all such items regardless of whether they are in paper or electronic form. This agreement does not apply to any information an expert relies upon in forming his or her opinions.

    **c. Additional Discovery**

        1.   <u>Responses to Apple's Invalidity Contentions</u>

        2.   Unwired Planet has agreed to serve responses to Apple's invalidity and unenforceability contentions (previously due on September 5, 2013) on or before January 20, 2014.<u>Unwired Planet's Infringement Contentions</u>

Apple contends that Unwired Planet's infringement contentions are deficient in certain respects for failure to identify what instrumentalities are being accused of infringement.  Apple contends that, without this information, Apple cannot know which specific claim terms need to be construed by the Court.  Unwired Planet has expressed that it may be willing to supplement its infringement contentions, pending its review of alleged deficiencies identified by Apple.  Apple contends that any supplementation needs to occur prior to exchange of claim terms for construction.

### d.  Protective order

While in the District of Nevada, the parties entered into and the previous court signed a protective order in this case. The signed Protective Order is attached hereto as Exhibit C.

#### 1.  Unwired Planet's Position Regarding Source Code Printing

Unwired Planet requests paragraph 11(c)(v) of the District of Nevada Protective Order— limiting the number of source code pages that may be printed to no more than 250 pages—be modified to conform with paragraph 9(d) of the Northern District of California's Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets. Paragraph 9(d) states: "The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth [above]." The Northern District of California's Stipulated Protective Order reflects a balanced approach—it expressly restricts printing source code for purposes of reviewing (the only concern raised by Apple) while allowing printing copies of the source code that are reasonably necessary for proving infringement. Unwired Planet believes this District's balanced approach should be followed in this case.

#### 2.  Apple's Position Regarding Source Code Printing

Apple does not agree that the modification Unwired Planet seeks is necessary or appropriate, and notes that this issue has already been briefed and argued by the Parties, and decided by the Nevada Court, before the case was transferred. The Parties met and conferred about this precise issue in March 2013 and were unable to reach a resolution. The Parties therefore briefed and argued

1    the issue before the Nevada Court. (D.I. 72). Unwired Planet is taking the same position here that it

2    did before the Nevada Court – that there should be no limit to the amount of source code that may be

3    printed, other than a limit of "reasonableness." Due to its concerns about the handling of its highly

4    confidential and proprietary source code, Apple proposed a limit of 150 printed pages, rather than

5    having no pre-set numerical limit. Apple pointed out that the purpose of having a secure and

6    controlled source code review location is for Unwired Planet's personnel to review Apple's

7    proprietary source code at the location and print only the code needed to prove Unwired Planet's

8    case (to be included in, e.g., expert reports or summary judgment motions), not for Unwired Planet

9    to be able to print large portions of code and review at unsecure locations. (D.I. 72, 73, 78).

10        The Nevada Court heard argument from both Parties, and found:

11            "Apple has established good cause to limit the amount of source code that Unwired

12            may print beyond that which is 'reasonable.' Having considered the parties' positions,

13            the court orders that Unwired shall be limited to printing 250 pages of source code

14            and thirty continuous pages. Should Unwired require additional pages of source code,

15            the protective order shall include a provision that the parties shall first meet and

16            confer in good faith to reach a compromise. If they are unsuccessful, Unwired Planet

17            shall have leave to request an expedited hearing before the court to resolve this

18            issue."

19    (D.I. 93 at 9-10). Thus, should Unwired Planet eventually need more than the 250 pages of printed

20    source code, it can explain the need for additional pages at that time.  There is no need to remove

21    any and all numerical limits (and therefore any incentive for Unwired Planet to be judicious in its

22    printing of Apple's proprietary source code) at this time. Unwired Planet has already been fully

23    heard on this issue, and Apple believes that it would be wasteful and inappropriate to revisit and alter

24    the decision of the Nevada Court when there has been no change in facts or circumstances.

25        **e.  Issues related to claims of privilege or work product**

26        The parties jointly agree that privileged documents created after the filing of the original

27    Complaint (in the District of Nevada) in this action may be withheld without being identified to a

28

requesting party, unless the requesting party makes a particular request for post-Complaint privileged documents, which request may be complied to or objected to, subject to review by the Court if necessary.

**9.** **Class Actions**

This lawsuit does not involve a class action.

**10.** **Related Cases**

At this time, there are no related cases pending before other courts or other judges of this Court. Unwired Planet notes that it has sued Google in the District of Nevada on different patents in Case No. 3:12-cv-00504 LRH-VPC. In addition, an ongoing dispute between the parties exists in the District of Delaware (Case No. 11-765-RGA) involving different patents than those asserted here.

**11.** **Relief**

Unwired Planet seeks damages not less than a reasonable royalty, enhanced damages for willful infringement, costs, pre-judgment and post-judgment interest, attorney's fees pursuant to 35 U.S.C. § 285, injunctive relief, and a future compulsory royalty in the event injunctive relief is not awarded. Unwired Planet expects to provide specific damages calculations through its expert witnesses once it has received various financial and other documents from Apple during discovery.

Apple seeks a judicial declaration that it has not and does not infringe the Asserted Patents and that the Asserted Patents are invalid and unenforceable. Apple also seeks attorney's fees pursuant to 35 U.S.C. § 285.

**12.** **Settlement and ADR**

The parties will meet and confer from time to time and in good faith as instructed by the Court and in accordance with the times outlined in the proposed scheduling order, outlined in § 17 below.

The parties agree to private mediation and have filed the Stipulation and [Proposed] Order Selecting ADR Process.

**13.     Consent to Magistrate Judge For All Purposes**

Unwired Planet consents to assignment of this case to a magistrate judge for all further proceedings, including trial and entry of judgment. Apple declines assignment of this case to a magistrate judge for all further proceedings, including trial and entry of judgment.

**14.     Other References**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of issues**

Pursuant to the District of Nevada's Order on April 17, 2013, Unwired Planet limited the number of asserted claims to 70.

**a.   Unwired Planet's Position**

Unwired Planet has already made a significant reduction of the number of asserted claims in this case, eliminating more than two thirds of the claims in the case by reducing the number of claims from 247 down to 70. While Unwired Planet agrees that the number of claims will need to be further reduced prior to trial, there must also be corresponding reductions in the amount of prior art identified by Apple.

Unwired Planet believes in good faith that Apple infringes the 247 claims originally asserted. Unwired Planet provided infringement contentions for each of those 247 claims on February 19, 2013.  Pursuant to the Order from the District of Nevada, Unwired Planet reduced the asserted claims to 70.  Apple requests that the Court order Unwired Planet to further reduce its asserted claims although discovery is not complete and Apple has made no discernable effort to reduce the complexity of the case on its own.  Importantly, each claim reduction requires Unwired Planet to forego—at least for a time—asserting a property right, while Apple (assuming it's correct that each prior art reference it asserts invalidates the claims) gives up nothing by reducing the number of asserted prior art references.

While Apple has argued that it is contrary to case law to order reciprocal reductions in prior art, this is in fact commonly done and is the standard approach towards dealing with reductions in the number of claims. While the Nevada Court did not order Apple to reduce the prior art references

1    it asserted, this was because Apple argued to the Nevada Court successfully that the request was not

2    ripe for decision because invalidity contentions had not yet been served. (D.I. 133 at 2-3). The same

3    judge ordered a reciprocal reduction in prior art in a case between Unwired Planet and Google just a

4    few months later.

5        Apple's statement that it has asserted only an average of 12 references per patent is

6    inaccurate. Apple has asserted the following number of references per patent: '685 patent (29

7    references); '446 patent (35 references); '594 patent (50 references); RE 43,113 (48

8    references); '790 patent (28 references); '831 patent (16 references); '491 patent (16

9    references); '260 patent (42 references); '092 patent (26 references); '927 patent (26 references).

10   There is no patent-in-suit for which Apple has asserted only 12 references, and Apple appears to

11   have performed this calculation by excluding certain types of references (e.g., publications) and by

12   excluding references cited for obviousness purposes. Furthermore, for most of the patents-in-suit

13   Apple has reserved the right to assert that any combination of these references invalidate the patents

14   on obviousness grounds, without identifying those specific combinations. Given the number of

15   pieces of prior art Apple has asserted, the potential number of obviousness combinations is

16   incredibly large and functionally infinite.

17       The large number of references that Apple has identified makes further reductions in claims

18   difficult, and impedes Unwired Planet's ability to make an informed selection of claims in the event

19   of a further reduction. Unwired Planet contends that the next logical step in narrowing the case is to

20   order a reduction in the number of prior art references and combinations relied on by Apple before

21   attempting to further reduce the number of claims.

22       **b.  Apple's Position**

23       Unwired Planet initially asserted 247 claims (across 10 patents) against Apple. Because this

24   was an absurdly large number of claims to litigate in any lawsuit, Apple sought reduction of claims

25   in April 2013. After considering briefing and oral argument from the Parties, the Nevada Court

26   ordered Unwired Planet to reduce the number of asserted claims in this case from 247 to 70, and

27   further indicated that additional narrowing of claims would be necessary before claim construction.

28

1   (D.I. 96). As the Nevada Court found, the court's need to "assist in expediting the case and

2   managing its docket" justified limiting Unwired Planet to a more reasonable number of claims at that

3   stage in the case.  (*Id.*).

4        After Unwired Planet was ordered to reduce its claims, it attempted to extract a reduction of

5   prior art asserted by Apple, arguing that it was only "fair" to force such a reduction in light of the

6   order requiring Unwired Planet's narrowing of claims. Apple argued that conditioning reduction of

7   claims upon a "reciprocal" reduction of prior art references was contrary to case law and furthermore

8   that there was no reason to believe at that time, before Apple had even served its invalidity

9   contentions, that Apple would assert an unreasonably high number of prior art references. The

10  Nevada Court declined to order a reduction of any prior art references. Apple thereafter served its

11  invalidity contentions, and served an average of only about 12 primary references per *patent*.[1]

12       Eight months have now gone by since Unwired Planet identified its 70 asserted claims. In

13  that time, Apple has provided detailed invalidity contentions identifying (a reasonable amount of)

14  prior art, as well as non-infringement contentions explaining why Apple believes its products do not

15  infringe the asserted claims. As the Nevada Court held, 70 claims are far too many for the Court or

16  the parties to handle at claim construction. Thus, Apple requests that the Court order Unwired Planet

17  to narrow its asserted claims to no more than 40 claims by no later than 14 days before the Parties

18  file their Joint Claim Construction Statement.

19       Apple furthermore objects to any attempt by Unwired Planet to condition a narrowing of

20  claims upon a narrowing of prior art, as (a) Apple has not asserted an unreasonable number of prior

21

22  [1] Unwired Planet's dispute of the number of prior art references asserted by Apple is not well taken.

23  Where Apple asserts that a prior art system (e.g., a product that was on sale or in public use prior to a

24  patent claim's date of invention), Apple has identified multiple publications or other materials that

25  demonstrate how that system operated.  In prior litigation between Unwired Planet and Apple,

26  Unwired Planet agreed that such materials collectively count as one reference, since only one system

27  was being asserted.

28

art references in this case (Apple has asserted an average of fewer than 12 primary prior art references per asserted patent), and (b) Unwired Planet has already been fully heard on its attempt to condition reduction of claims on a "reciprocal" reduction of prior art. Nevertheless, in the interest of compromise and cooperation, Apple is willing to agree to reduce its asserted prior art references to no more than 90 primary references within a week after Unwired Planet reduces its claims to 40 claims.

**16.    Expedited Trial Procedure**

The parties agree that it is not appropriate to expedite this case under the Expedited Trial Procedure of General Order No. 64.

**17.    Scheduling**

Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

| Event | Dates Proposed by Unwired Planet | Dates Proposed by Apple |
|---|---|---|
| Unwired Planet serves responses to Apple's invalidity and unenforceability contentions | January 20, 2014 | January 20, 2014 |
| Unwired Planet serves supplemental infringement contentions | N/A | February 10, 2014 |
| Unwired Planet reduces the number of asserted claims to 40 | N/A | February 10, 2014 |
| Apple reduces the number of primary prior art references to 90 | N/A | February 17, 2014 |
| Exchange of proposed terms for claim construction pursuant to Patent L.R. 4-1(a) | January 27, 2014 | February 24, 2014 |
| Parties to meet and confer regarding claim terms pursuant to Patent L.R. 4-1(b) | February 3, 2014 | March 3, 2014 |
| Document production to be substantially completed by all parties | February 14, 2014 | March 14, 2014 |
| Exchange of preliminary claim constructions and extrinsic evidence pursuant to Patent L.R. 4-2(a) and (b) | February 17, 2014 | March 24, 2014 |

| Event | Dates Proposed by Unwired Planet | Dates Proposed by Apple |
|---|---|---|
| Joint Claim Construction and Prehearing Statement to be submitted pursuant to Patent L.R. 4-3 | March 10, 2014 | April 7, 2014 |
| Opening claim construction brief pursuant to Patent L.R. 4-5(a) | April 7, 2014 | April 28, 2014 (both parties) |
| Responsive claim construction brief pursuant to Patent L.R. 4-5(b) | April 21, 2014 | May 30, 2014 (both parties) |
| Reply claim construction brief pursuant to Patent L.R. 4-5(c) | April 28, 2014 | N/A |
| Claim Construction Hearing | May 14, 2014 | June 18, 2014 |
| Close of fact discovery, including third-party discovery | September 19, 2014 | September 19, 2014 |
| Expert disclosures under Fed. R. Civ. P. 26(a) due | 45 days after issuance of Markman Order on issues for which the parties bear the burden of proof; 45 days thereafter for rebuttal expert disclosures; 30 days thereafter for reply expert disclosures | 45 days after issuance of Markman Order on issues for which the parties bear the burden of proof; 45 days thereafter for rebuttal expert disclosures; 30 days thereafter for reply expert disclosures |
| Completion of expert depositions | 45 days after reply expert disclosures | 45 days after reply expert disclosures |
| Dispositive motions due | 30 days after the completion of expert discovery | 30 days after the completion of expert discovery |
| Motions in limine due | 30 days after the deadline for filing dispositive motions | 30 days after the deadline for filing dispositive motions |
| Joint Pretial Order due | 30 days after the deadline for filing motions in limine | 30 days after the deadline for filing motions in limine |
| Pretrial Conference | November 4, 2014 | February 9, 2015 |
| Trial | November 10, 2014 | February 23, 2015 |

**18.** **Trial**

The parties have demanded jury trial. Unwired Planet expects the jury trial to take 2 weeks. Apple expects that the trial may last four weeks if all 10 asserted patents remain at issue. Less time may be necessary depending on the number of asserted patents and claims remaining at the time of trial.

**19.    Disclosure of Non-party Interested Entities or Persons**

The parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

Unwired Planet LLC certifies that the following corporations have an interest in the outcome of this case: Unwired Planet, Inc., a publicly held corporation that both directly and through its wholly-owned subsidiary, Unwired Planet IP Holdings, Inc., wholly owns Plaintiff Unwired Planet, LLC.

Apple certifies that Apple has no parent corporation and that no one owns more than 10 percent of Apple's outstanding common stock. Apple further certifies that there are no known interested parties other than those participating in this case.

**20.    Other**

    **a.    E-mail service**

The parties have agreed that, to the extent possible in light of the volume of the submission, all court filings, to the extent not served through ECF (e.g., filings under seal), will be served via e-mail, and such service shall constitute proper service under Fed. R. Civ. P. 5(b)(2)(E). The parties have further agreed that each party may serve discovery, in lieu of other service methods, by e-mail under Fed. R. Civ. P. 5(b)(2)(E). The parties have further agreed that all service of written discovery and/or responses shall take place at or before 7:00 pm Pacific time. If transmission of voluminous materials as an e-mail attachment is impractical, those materials shall be sent via an FTP service or by overnight delivery. If service is by overnight delivery, the serving party must use a service having the ability to "track" deliveries and verify receipt.

**21.    Local Patent Rule 2-1(a)**

    **1.  Proposed modification of the obligations or deadlines set forth in the Patent Local Rules to ensure that they are suitable for the circumstances of this case.**

        a.    Claim Construction Briefing Schedule

Because neither Party bears the burden of proof during claim construction, Apple proposes that the Parties submit simultaneous opening claim construction briefs and thereafter submit

1    simultaneous responsive claim construction briefs. No reply brief would be submitted. Unwired

2    Planet does not oppose this proposal.

3        **2.    The scope and timing of any claim construction discovery including disclosure of**

4            **and discovery from expert witnesses.**

5        The Proposed Schedule, included in § 17, addresses the local patent rules and the timing of

6    claim construction discovery.

7        **3.    The format of the Claim Construction Hearing, including whether the Court will**

8            **hear live testimony, the order of presentation, and the estimated length of the**

9            **hearing.**

10       The parties do not believe that live testimony will be necessary. The parties propose that the

11   Court permit the parties to present their arguments on a term-by-term basis.

12           a.  Unwired Planet's Position

13       Unwired Planet believes that a three-hour claim construction hearing, with 90 minutes for

14   each party, is appropriate.

15           b.  Apple's Position

16       Apple believes that the length of the claim construction hearing will necessarily depend on

17   the number of claims – and therefore the number of claim terms – at issue. With 70 claims currently

18   in the case, it is not unreasonable to assume that the parties will have dozens of legitimate disputes at

19   claim construction. That is why Apple believes that the number of claims needs to be reduced

20   *significantly* before claim construction. Assuming that Unwired Planet reduces the number of

21   asserted claims to 40, Apple estimates that a one-day Markman hearing, with 3.5 hours per party,

22   would be appropriate. If Unwired Planet is permitted to continue to assert 70 claims, Apple estimates

23   that a two-day *Markman* hearing, or two separate one-day *Markman* hearings, will be necessary.

24   Unwired Planet previously agreed with this estimated length of *Markman* hearing, as the parties'

25   joint scheduling proposal filed on June 14, 2013 proposed a two-day claim construction hearing.

26   (D.I. 128-29).

27       **4.    How the parties intend to educate the court on the technologies at issue.**

28

CASE NO. 4:13-cv-4134-YGR                -17-              JOINT CASE MANAGEMENT STATEMENT

The parties propose a technology tutorial in connection with the Claim Construction Hearing.

DATED:  December 30, 2013                           Respectfully Submitted,

                                      By:    */s/ John Campbell*

                                             Courtland L. Reichman
                                             California State Bar No. 268873
                                             creichman@mckoolsmith.com
                                             MCKOOL SMITH, P.C.
                                             255 Shoreline Drive, Suite 510
                                             Redwood Shores, CA  94065
                                             Telephone:  (650) 394-1400
                                             Fax:  (650) 394-1422

                                             Ted Stevenson III (*pro hac vice to be filed*)
                                             Texas State Bar No. 19196650
                                             tstevenson@mckoolsmith.com
                                             MCKOOL SMITH, P.C.
                                             300 Crescent Court Suite 1500
                                             Dallas, TX 75201
                                             Telephone: (214) 978-4000
                                             Fax: (214) 978-4044

                                             Kevin L. Burgess (*pro hac vice to be filed*)
                                             Texas State Bar No. 2400069
                                             kburgess@McKoolSmith.com
                                             John B. Campbell (*pro hac vice filed*)
                                             jcampbell@mckoolsmith.com
                                             MCKOOL SMITH, P.C.
                                             300 W. 6th St., Suite 1700
                                             Austin, Texas 78701
                                             Telephone: (512) 692-8700
                                             Fax: (512) 692-8744

                                             Michael D. Rounds (*pro hac vice to be filed*)
                                             Nevada State Bar No. 4734
                                             mrounds@watsonrounds.com
                                             WATSON ROUNDS
                                             5371 Kietzke Lane
                                             Reno, NV 89511-2083
                                             Telephone: (775) 324-4100
                                             Fax: (775) 333-8171

                                             *Attorneys for UNWIRED PLANET LLC*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:      */s/ Y. Ernest Hsin*_____
Josh Krevitt
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Ave., New York, NY 10166-0193
Tel.: 212.351.4000; Fax: 212.351.4035


H. Mark Lyon
mlyon@gibsondunn.com
Y. Ernest Hsin
ehsin@gibsondunn.com
Stuart M. Rosenberg
srosenberg@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Rd., Palo Alto, CA 94304-1211
Tel.: 650.849.5300; Fax: 650.849.5333

*Attorneys for APPLE INC.*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

UNITED STATES DISTRICT/MAGISTRATE JUDGE