Courtland L. Reichman, SBN 268873
creichman@mckoolsmith.com
MCKOOL SMITH HENNIGAN, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065
Telephone: (650) 394-1400
Fax: (650) 394-1422

Theodore Stevenson III (*pro hac vice*)
tstevenson@mckoolsmith.com
300 Crescent Court, Suite 1500
MCKOOL SMITH, P.C.
Dallas, Texas 75201
Telephone: (214) 978-4000
Fax: (214) 978-4044

Kevin Burgess (*pro hac vice*)
kburgess@mckoolsmith.com
John B. Campbell (*pro hac vice*)
jcampbell@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th St., Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Fax: (512) 692-8744

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNWIRED PLANET LLC, a Nevada limited liability company,**<br><br>**Plaintiff,**<br><br>v.<br><br>**APPLE INC., a California corporation,**<br><br>**Defendant.** | **CIVIL ACTION NO.**<br><br>**3:13-CV-04134-VC**<br><br>**UNWIRED PLANET LLC'S PARTIALLY OPPOSED MOTION FOR LEAVE TO SUPPLEMENT INFRINGEMENT CONTENTIONS**<br><br>**DATE: Thursday, October 9, 2014**<br>**TIME: 10:00 am** |

TO DEFENDANT APPLE INC. AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, October 9, 2014 at 10:00 am, or soon thereafter as it may be heard, in the courtroom of the Honorable Vince Chhabria, San Francisco Courthouse, Courtroom 4 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Unwired Planet LLC ("Unwired Planet") will move, and hereby does move, for leave pursuant to Northern District of California Patent Local Rule 3-6 to supplement its infringement contentions for the asserted patents against Defendant Apple, Inc.'s ("Apple") accused products.[1]

Specifically, Unwired Planet seeks leave to supplement its infringement contentions for U.S. Patent No. 6,647,260 against Apple App Store, iCloud, and iTunes; U.S. Patent No. 6,532,446 against Siri; U.S. Patent No. 6,317,831 against APNS; U.S. Patent No. 6,321,092 against Location Services; and U.S. Patent No. 6,813,491 against Auto-lock and In-call Screen Lock & Siri Raise to Speak.

This motion is supported by the attached Memorandum of Points and Authorities, the accompanying Declaration of Mario A. Apreotesi, and any other argument that the Court may accept at the hearing.

---

[1] Pursuant to Paragraph 4 of the Standing Order for Civil Cases Before Judge Vince Chhabria, counsel for Unwired Planet confirmed with counsel for Apple that the noticed hearing date is mutually convenient.

**DATED:** **August 29, 2014**

McKOOL SMITH HENNIGAN, P.C.

By /s/ John B. Campbell, Jr.

Courtland L. Reichman (SBN 268873)
creichman@mckoolsmithhennigan.com
MCKOOL SMITH HENNIGAN, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065
Telephone:     (650) 394-1400
Facsimile:     (650) 394-1422

Theodore Stevenson III (*pro hac vice*)
tstevenson@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone:     (214) 978-4000
Fax:             (214) 978-4044

Kevin Burgess (*pro hac vice*)
kburgess@mckoolsmith.com
John B. Campbell (*pro hac vice*)
jcampbell@mckoolsmith.com
Kevin Kneupper (*pro hac vice*)
kkneupper@mckoolsmith.com
Mario A. Apreotesi  (*pro hac vice*)
mapreotesi@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th St., Suite 1700
Austin, Texas 78701
Telephone:     (512) 692-8700
Fax:             (512) 692-8744

Lauren Fornarotto (*pro hac vice*)
lfornarotto@mckoolsmith.com
MCKOOL SMITH, P.C.
One Bryant Park, 47th Floor
New York, NY 10036
Telephone:     (212) 402-9400
Fax:             (212) 402-9444

*ATTORNEYS FOR PLAINTIFF UNWIRED PLANET LLC*

Courtland L. Reichman, SBN 268873
creichman@mckoolsmith.com
MCKOOL SMITH HENNIGAN, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065
Telephone: (650) 394-1400
Fax: (650) 394-1422

Theodore Stevenson III (*pro hac vice*)
tstevenson@mckoolsmith.com
300 Crescent Court, Suite 1500
MCKOOL SMITH, P.C.
Dallas, Texas 75201
Telephone: (214) 978-4000
Fax: (214) 978-4044

Kevin Burgess (*pro hac vice*)
kburgess@mckoolsmith.com
John B. Campbell (*pro hac vice*)
jcampbell@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th St., Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Fax: (512) 692-8744

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **UNWIRED PLANET LLC, a Nevada limited liability company,** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **3:13-CV-04134-VC** |
| **v.** | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNWIRED PLANET LLC'S PARTIALLY OPPOSED MOTION FOR LEAVE TO SUPPLEMENT INFRINGEMENT CONTENTIONS** |
| **APPLE INC., a California corporation,** | |
| **Defendant.** | |

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

# TABLE OF CONTENTS

I.    STATEMENT OF FACTS ............................................................................2

    A.    Unwired Planet's Prior Infringement Contentions ..............................2

    B.    Apple Requests Unwired Planet Supplement Its Prior Infringement
        Contentions—And Then Opposes the Supplementation .........................2

II.   ARGUMENT ........................................................................................3

    A.    Legal Standard ...................................................................4

    B.    Unwired Planet Has Good Cause to Supplement Its Infringement
        Contentions Based on Apple's Request for Supplementation,
        Recent Discovery Provided by Apple, and Apple's Claim
        Construction Proposals. ...........................................................5

    C.    Unwired Planet's Supplemental Infringement Contentions—
        Provided One Month After Apple Requested Supplementation—
        Are Timely. .......................................................................7

    D.    Apple Will Not Be Prejudiced by Unwired Planet's Supplemental
        Infringement Contentions Because Apple Requested the
        Supplementation, Discovery Has Not Closed, and Few Witnesses
        Have Been Deposed. ...............................................................8

    E.    Apple's Specific Objections to Unwired Planet's Supplemental
        Infringement Contentions Lack Merit. ...........................................9

        1.    '831 Patent APNS Contentions Respond to Apple's
            Complaints with Evidence Recently Produced by Apple
            (Ex. A)........................................................................10

        2.    '092 Patent Location Services Contentions Respond to
            Apple's Complaint for Additional Clarification (Ex. B). .........11

        3.    '491 Patent Auto-Lock Contentions Respond to Apple's
            Claim Construction Proposals (Ex. C)................................12

        4.    '491 Patent In-call Screen Lock & Siri Raise to Speak
            Contentions Respond to Apple's Complaints and Apple's
            Claim Construction Proposal (Ex. D). ..............................13

III.  CONCLUSION....................................................................................15

# REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

## TABLE OF AUTHORITIES

**CASES**                                                                                                    **Page(s)**

*Forterra Sys. v. Avatar Factory*,
    No. C-05-04472 PVT, 2006 U.S. Dist. LEXIS 63100 (N.D. Cal. Aug. 22, 2006)...................8

*General Atomics v. Axis-Shield ASA*,
    No. C 05-04074, 2006 U.S. Dist. LEXIS 58939 (N.D.Cal. Aug. 9, 2006)...............................4

*Netlist, Inc. v. Smart Storage Sys.*,
    No. 13-cv-05889-YGR, 2014 U.S. Dist. LEXIS 45670 (N.D. Cal. Apr. 1, 2014) ...................4

*Personalweb Techs., LLC v. Google Inc.*,
    No. C13-01317-EJD, 2014 U.S. Dist. LEXIS 6806 (N.D. Cal. Jan. 17, 2014) .......................4

*Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*,
    655 F.3d 1364 (Fed. Cir. 2011)..............................................................................................8

*Streak Prods., Inc. v. Antec, Inc.*,
    No. C09-04255, 2010 U.S. Dist. LEXIS 97613 (N.D. Cal. Sept. 8, 2010) .............................5

*United States Ethernet Innovations, LLC v. Acer, Inc.*,
    No. C 10-3724, 2013 U.S. Dist. LEXIS 147571 (N.D. Cal. Oct. 11, 2013)......................9, 14

*Yodlee, Inc. v. CashEdge, Inc.*,
    No. C 05-01550 SI, 2007 U.S. Dist. LEXIS 39564 (N.D. Cal. May 17, 2007)........................9

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

On June 10, 2014, Defendant Apple, Inc. ("Apple") requested that Plaintiff Unwired Planet, LLC ("Unwired Planet") supplement its infringement contentions as to all of the patents currently asserted. To avoid a dispute over the sufficiency of the infringement contentions, Unwired Planet agreed to address Apple's complaints. Proving the adage that no good deed goes unpunished, Apple now opposes the supplementation it requested.

Unwired Planet respectfully seeks leave pursuant to Patent Local Rule 3-6 to supplement its infringement contentions for the currently asserted patents. Specifically, Unwired Planet seeks leave to supplement its infringement contentions for U.S. Patent No. 6,647,260 ("'260 Patent") against Apple App Store, iCloud, and iTunes; U.S. Patent No. 6,532,446 ("'446 Patent") against Siri; U.S. Patent No. 6,317,831 ("'831 Patent") against APNS (Ex. A); U.S. Patent No. 6,321,092 ("'092 Patent") against Location Services (Ex. B); and U.S. Patent No. 6,813,491 ("'491 Patent") against Auto-lock (Ex. C) and In-call Screen Lock & Siri Raise to Speak (Ex. D) (collectively, "July Supplemental Contentions").[2]

Apple opposes Unwired Planet's motion to supplement its infringement contentions for the '831 Patent against APNS, '092 Patent against Location Services, '491 Patent against Auto-lock, and '491 Patent against In-call Screen Lock & Siri Raise to Speak (Exs. A-D), even though Unwired Planet prepared the July Supplemental Contentions at Apple's request.[3] Unwired Planet's motion should be granted because Unwired Planet has good cause for its proposed supplementation and Apple will not be prejudiced by this supplementation.

---

[2] Citations to "Ex. __" refer to exhibits to the Declaration of Mario A. Apreotesi In Support of Unwired Planet LLC's Partially Opposed Motion for Leave to Supplement Infringement Contentions ("Apreotesi Decl.").

[3] Apple does not oppose Unwired Planet's motion to supplement its infringement contentions for the '260 Patent against App Store, '260 Patent against iCloud, '260 Patent against iTunes, or '446 Patent against Siri. Apreotesi Decl. ¶ 23. Because Apple does not oppose supplementation of these contentions and these contentions contain information designated by Apple as confidential, Unwired Planet has not included them as exhibits to avoid filing the exhibits under seal. If the Court wishes to review these contentions, Unwired Planet will provide them to the Court.

1

Case No. 3:13-CV-04134-VC    MEMO OF POINTS & AUTHORITIES IN SUPPORT OF UNWIRED
PLANET'S MOTION FOR LEAVE TO SUPPLEMENT CONTENTIONS

## I. STATEMENT OF FACTS

### A. Unwired Planet's Prior Infringement Contentions

Unwired Planet commenced this action in the District of Nevada in September 2012. Pursuant to the Local Rules in the District of Nevada, Unwired Planet served initial infringement contentions in February 2013 and supplemented those contentions per Court order in May 2013. *See* Dkt. No. 94 ¶ 2. This matter was subsequently transferred to the Northern District of California. Pursuant to the Court's Scheduling Order (Dkt. No. 185), Unwired Planet served First Amended Infringement Contentions for each of the currently asserted patents in February 2014.[4] Unwired Planet provided Apple with Second Amended Infringement Contentions for the '260 Patent against iCloud, and on July 29, 2014 the parties moved jointly to supplement these contentions, with Apple agreeing that Unwired Planet "ha[d] good cause for the requested amendment." Dkt. No. 223 at 2-3. The parties' joint motion was granted. Dkt. No. 225.

### B. Apple Requests Unwired Planet Supplement Its Prior Infringement Contentions—And Then Opposes the Supplementation

On June 10, 2014, Apple alleged that Unwired Planet's First Amended Infringement Contentions are deficient and requested that Unwired Planet provide "Apple with proposed amended infringement contentions that address the deficiencies." Letter from B. Wallace to K. Kneupper ("Apple's June Complaint Letter") (Ex. J). Although Unwired Planet disagreed with Apple's allegations, to avoid a dispute and pursuant to Apple's request, Unwired Planet provided the July Supplemental Contentions addressing: (i) Apple's alleged deficiencies; (ii) discovery (including source code) produced by Apple following service of the Prior Contentions;[5] and (iii) Apple's proposed claim constructions. Those contentions are the subject of this motion.

---

[4] Unwired Planet's First Amended Infringement Contentions for the '491 Patent against Auto-Lock are attached as Ex. E; for the '491 Patent against In-call Screen Lock and Siri Raise to Speak are attached as Exs. F and G; for the '831 Patent against APNS are attached as Ex. H; and for the '092 Patent against Location Services are attached as Ex. I.

[5] "Prior Contentions" refers collectively to Unwired Planet's First Amended Infringement Contentions for all currently asserted patents and Second Amended Infringement Contentions for the '260 Patent against iCloud.

MEMO OF POINTS & AUTHORITIES IN SUPPORT OF UNWIRED PLANET'S MOTION FOR LEAVE TO SUPPLEMENT CONTENTIONS

On August 8, 2014, Apple sent Unwired Planet a letter stating that Apple does not object to Unwired Planet's supplemental contentions for the '260 Patent against iTunes, '260 Patent against App Store, or '446 Patent against Siri. Letter from B. Wallace to K. Kneupper ("Apple's August Objection Letter") (Ex. K) at 2-3. Apple objected to Unwired Planet's July Supplemental Contentions for the '260 Patent against iCloud, '831 Patent against APNS, '092 Patent against Location Services, and '491 Patent against In-call Screen Lock & Siri Raise to Speak. *Id.* at 1-3. The parties met and conferred, but were unable to resolve Apple's objections to these supplemental contentions. Apreotesi Decl. ¶ 7. Apple's August Objection Letter raised no objection to the July Supplemental Contentions for the '491 Patent against Auto-Lock, but Apple objected to these contentions in an August 19, 2014 e-mail. E-mail from S. Rosenberg to K. Kneupper ("Apple's August Objection E-mail") (Ex. L). Although Apple initially objected to the July Supplemental Contentions for the '260 Patent against iCloud in its August Objection Letter, on August 27, 2014, Apple informed Unwired Planet that it does not object to these contentions. E-mail from S. Rosenberg to L. Fornarotto (Ex. M).

## II.   ARGUMENT

Unwired Planet has good cause to supplement its infringement contentions because (1) Unwired Planet prepared the July Supplemental Contentions specifically at Apple's request to address alleged deficiencies from Apple's June Complaint Letter, (2) the contentions are *supplemental*—not amended—contentions that (with one exception) advance the same infringement theories from Unwired Planet's Prior Contentions, but provide additional evidence and support for those theories based on discovery (including source code) produced by Apple after the Prior Contentions were served, and/or (3) the contentions address Apple's proposed claim constructions.[6] *See* Patent L.R. 3-6 (specifying "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions" and "[a] claim construction by the

---

[6] Although Apple requested that Unwired Planet provide "amended" infringement contentions (Ex. L at 1), Unwired Planet addressed Apple's alleged deficiencies without amending with new contentions, but rather (with one exception) only supplementing its contentions with additional clarification and evidence.

Case No. 3:13-CV-04134-VC    MEMO OF POINTS & AUTHORITIES IN SUPPORT OF UNWIRED PLANET'S MOTION FOR LEAVE TO SUPPLEMENT CONTENTIONS

1   Court different from that proposed by the party seeking amendment" as non-exhaustive examples

2   of good cause). The July Supplemental Contentions are timely because they were provided

3   approximately one month after Apple's request that Unwired Planet supplement its infringement

4   contentions and because Apple has failed to produce complete source code, which has prevented

5   Unwired Planet from fully analyzing the accused products. Moreover, Apple will not be

6   prejudiced—let alone unduly prejudiced—by Unwired Planet's July Supplemental Contentions,

7   because they were prepared at Apple's own request and fact discovery is ongoing. *See* Patent

8   L.R. 3-6. Indeed, Apple's agreement a few weeks earlier that Unwired Planet could supplement

9   its contentions for the '260 Patent against iCloud and Apple's lack of objection to half of the July

10  Supplemental Contentions demonstrate the lack of any prejudice against Apple in granting

11  Unwired Planet's motion.

12          **A.      Legal Standard**

13          Under Patent Local Rule 3-6, "Amendment of the Infringement Contentions or the

14  Invalidity Contentions may be made only by order of the Court upon a timely showing of good

15  cause." Good cause may be found "absent undue prejudice to the non-moving party." *Id.* "The

16  good cause inquiry considers first whether the moving party was diligent in amending its

17  contentions and then whether the non-moving party would suffer prejudice if the motion to

18  amend were granted." *Personalweb Techs., LLC v. Google Inc*., No. C13-01317-EJD, 2014 U.S.

19  Dist. LEXIS 6806, at *6 (N.D. Cal. Jan. 17, 2014) (citation and internal quotations omitted).

20  "While … the Patent Local Rules are intended to force patent owners to finalize their contentions

21  early, preliminary infringement contentions are still preliminary. Some room must therefore be

22  made for patent owners to perfect their infringement theories." *General Atomics v. Axis-Shield*

23  *ASA*, No. C 05-04074, 2006 U.S. Dist. LEXIS 58939, at *5-6 (N.D.Cal. Aug. 9, 2006); *see also*

24  *Netlist, Inc. v. Smart Storage Sys.*, No. 13-cv-05889-YGR, 2014 U.S. Dist. LEXIS 45670, at *10

25  (N.D. Cal. Apr. 1, 2014) ("Rule 3-1 does not, as is sometimes misunderstood, require the

26  disclosure of specific evidence nor does it require a plaintiff to prove its infringement case.")

27  (citation and internal quotations omitted).

28

4

Case No. 3:13-CV-04134-VC    MEMO OF POINTS & AUTHORITIES IN SUPPORT OF UNWIRED
                             PLANET'S MOTION FOR LEAVE TO SUPPLEMENT CONTENTIONS

**B.** **Unwired Planet Has Good Cause to Supplement Its Infringement Contentions Based on Apple's Request for Supplementation, Recent Discovery Provided by Apple, and Apple's Claim Construction Proposals.**

Apple does not object to four of the eight July Supplemental Contentions. Even though Unwired Planet prepared all eight of the contentions at Apple's own request, Apple objects to the remaining four contentions alleging that they "advance new infringement theories." Apple's August Obj. Ltr. (Ex. K) at 1; Apple's August Obj. E-mail (Ex. L). Contrary to Apple's objections, Unwired Planet has good cause to supplement its contentions.

With the exception of the contentions for the '491 Patent against In-call Screen Lock & Siri Raise to Speak, the contentions do not advance new infringement theories. Rather, the contentions are *supplemental* (not amended) contentions—they advance the same theories from Unwired Planet's Prior Contentions. To address alleged deficiencies from Apple's June Complaint Letter and discovery produced by Apple after Unwired Planet's Prior Contentions, Unwired Planet provided additional evidence and details that support those theories. *See* Patent L.R. 3-6(c) (specifying "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions" as a non-exhaustive example of good cause); *Streak Prods., Inc. v. Antec, Inc.*, No. C09-04255, 2010 U.S. Dist. LEXIS 97613, at *9-10 (N.D. Cal. Sept. 8, 2010) (granting leave to amend contentions under Patent L.R. 3-6 where moving party was "not shifting legal theories" but "merely seek[ing] to supplement the evidence used for a legal theory that was pled in their answers") (internal quotations omitted).

For example, Apple's June Complaint Letter alleged that "Unwired Planet has failed to identify where each element of the asserted claim is allegedly found." Ex. J at 2. To address this alleged deficiency, Unwired Planet's July Supplemental Contentions more explicitly identify which aspects of the accused products satisfy each limitation of the asserted claims. *E.g.*, Ex. A ('831 Contentions) at 3

5

Case No. 3:13-CV-04134-VC    MEMO OF POINTS & AUTHORITIES IN SUPPORT OF UNWIRED
PLANET'S MOTION FOR LEAVE TO SUPPLEMENT CONTENTIONS

████████████████████████████████████████████████████████

████████████████████████████████████████████ (emphasis added); Ex. B ('092

Contentions) at 12 ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ (emphasis added); Ex. D ('491 Contentions – In-

Call Screen Lock & Siri Raise to Speak) at 2 ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████ (emphasis added).

As another example, Unwired Planet's July Supplemental Contentions add evidence and details learned through source code Apple produced since Unwired Planet's Prior Contentions. *See* Patent L.R. 3-6(c). For example, Apple did not produce any meaningful source code relating to Apple's accused Location Services products for the '092 Patent until on or about February 28, 2014. Apreotesi Decl. ¶ 22. As for the '831 Patent, Apple did not produce any source code relating to the ██████ aspect of Apple's accused APNs products until on or about March 20, 2014. Apreotesi Decl. ¶ 4.

Good cause also exists because the July Supplemental Contentions address Apple's claim construction proposals for the currently asserted patents. *See* Patent L.R. 3-6(a) (specifying "[a] claim construction by the Court different from that proposed by the party seeking amendment" as a non-exhaustive example of good cause). For example, the contentions for the '491 Patent against In-call Screen Lock & Siri Raise to Speak set forth supplemental infringement theories regarding the fingerprint and passcode aspects of the accused Apple products, which were included to address Apple's claim construction proposal of the term "determining whether the mobile device is proximate to its owner."[7] *See* Ex. D at 2; *see also, e.g.*, Ex. C ('491 Auto-Lock

---

[7] The parties initially proposed different constructions of the "determining" limitation. Dkt. No. 203 at 21-23; Dkt. No. 204 at 30-31. While Unwired Planet ultimately agreed to Apple's proposed construction to reduce the disputes before the Court, Unwired Planet's supplementation of its infringement contentions was in response to Apple's proposed construction.

6

Case No. 3:13-CV-04134-VC    MEMO OF POINTS & AUTHORITIES IN SUPPORT OF UNWIRED
PLANET'S MOTION FOR LEAVE TO SUPPLEMENT CONTENTIONS

Contentions) at 3-4 (addressing Apple's proposed constructions of "stationary" and "active" preferences).

### C. Unwired Planet's Supplemental Infringement Contentions—Provided One Month After Apple Requested Supplementation—Are Timely.

Apple objects to certain of the July Supplemental Contentions "as untimely." Apple's Aug. Obj. Ltr. (Ex. J) at 1. Contrary to Apple's objections, Unwired Planet was diligent in supplementing its contentions and its supplemental contentions are timely—they were provided in response to Apple's request that Unwired Planet serve supplemental contentions, approximately one month after Apple made that request.

Not only did Apple request in June that Unwired Planet supplement its contentions, but Apple hampered (and continues to hamper) Unwired Planet's analysis through its ongoing failure to produce requested source code for the accused products. Unwired Planet has diligently pursued source code that is relevant to its infringement analysis for the accused products since February 2013. Apreotesi Decl. ¶¶ 3, 5. Yet, despite well over a year passing since Unwired Planet's initial request, the deadline for substantial completion of document production passing (Dkt. No. 185), and Unwired Planet's repeated requests that Apple produce the requested source code, Apple's source code production remains woefully deficient. *See* Apreotesi Decl. ¶¶ 3, 5. Indeed, Apple failed to produce much of the source code for certain of the accused products until *after* Unwired Planet served its Prior Contentions in February 2014, and even that source code production was (and remains) substantially incomplete.[8] *Id.*

Unwired Planet requires complete production of requested source code to be able to fully analyze Apple's accused products. *See* Patent L.R. 3-4 ("[T]he party opposing a claim of patent infringement shall produce or make available for inspection and copying: (a) Source code … sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart …."). *Cf. Forterra Sys. v. Avatar*

---

[8] For example, as discussed above, the majority of source code Apple has produced for Location Services for the '092 Patent was not produced until February 28, 2014, and the server side code for APNS for the '831 Patent was not produced until March 20, 2014.

*Factory*, No. C-05-04472 PVT, 2006 U.S. Dist. LEXIS 63100, at *4 (N.D. Cal. Aug. 22, 2006) ("Because the source code is at the heart of the dispute, [Plaintiff's] expert must have access to the entire source code."). To prove infringement, Unwired Planet must show that each limitation of the asserted claims is present in the accused Apple products. *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364, 1378 (Fed. Cir. 2011). Because some of the claim limitations are connected to other claim limitations, to prove infringement Unwired Planet must identify the corresponding connections in the source code. This analysis cannot be completed using isolated source code fragments.[9] Thus, Unwired Planet has been unable to fully analyze the accused products due to Apple's failure to produce complete source code for those products.[10] Any purported delay is thus of Apple's own making.

> **D.      Apple Will Not Be Prejudiced by Unwired Planet's Supplemental Infringement Contentions Because Apple Requested the Supplementation, Discovery Has Not Closed, and Few Witnesses Have Been Deposed.**

Apple cannot demonstrate any prejudice, let alone "undue prejudice," that Apple will suffer as a result of Unwired Planet's supplementation. *See* Patent L.R. 3-6 (Good cause may be found "absent undue prejudice to the non-moving party."). As discussed above, the July Supplemental Contentions are *supplemental* contentions, not amended contentions, which were prepared at Apple's request.

---

[9] Incomplete source code also causes Unwired Planet to waste significant time and resources in the analysis of the accused products. For example, Unwired Planet does not know whether source code is missing until after it expends significant time and resources searching for it.

[10] Apple's August Objection Letter incorrectly states that "Unwired Planet appears to be continuing to refuse to cite any source code in its contentions." Ex. K at 3. Far from "refus[ing]" to cite source code, Unwired Planet informed Apple that Unwired Planet would consider Apple's request to cite source code once Apple finally produces all of the outstanding source code that Unwired Planet has been continually requesting for more than a year and a half. Apreotesi Decl. ¶ 7.

Thus, while Apple's production of incomplete source code since February 2014 has given Unwired Planet some further insight into the accused products and good cause to include this additional insight in its contentions, Unwired Planet has not cited the source code in its contentions because it cannot fully analyze the code until Apple's source code production is complete.

8

Case No. 3:13-CV-04134-VC      MEMO OF POINTS & AUTHORITIES IN SUPPORT OF UNWIRED
PLANET'S MOTION FOR LEAVE TO SUPPLEMENT CONTENTIONS

In addition, fact discovery is still ongoing—the parties agreed that discovery will not close until November 3, 2014, and that the earliest proposed trial date will be in May 2015. *See* E-mail from E. Hsin to J. Campbell (Jul. 3, 2014) (Ex. N). Indeed, the only witnesses who have been deposed are two witnesses (one related to venue) who were deposed in 2013 before this matter was transferred from the District of Nevada. Apreotesi Decl. ¶ 6. Apple will have ample opportunity to develop the factual bases for its defenses, thus obviating any potential prejudice. *Yodlee, Inc. v. CashEdge, Inc.*, No. C 05-01550 SI, 2007 U.S. Dist. LEXIS 39564, at *7 (N.D. Cal. May 17, 2007) (finding no prejudice where non-moving party was notified of the new discovery that was the subject of the amended contentions "more than two months before the fact discovery cutoff," because there was "ample time left in which to conduct discovery"); *United States Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724, 2013 U.S. Dist. LEXIS 147571, at *23 (N.D. Cal. Oct. 11, 2013) (finding no prejudice "given that there is still sufficient time left on the pretrial clock"). In addition, Unwired Planet does not require any additional discovery related specifically to its supplemental contentions—the discovery required is the same discovery required for Unwired Planet's Prior Contentions, the majority of which has already been requested and outstanding from Apple since February 2013 and thereafter. *See* Apreotesi Decl. ¶ 3.

Moreover, the fact that Apple does not oppose half of the July Supplemental Contentions, and less than a month ago agreed to allow Unwired Planet to supplement its infringement contentions for the '260 Patent against iCloud (Dkt. No. 223), demonstrates the lack of any prejudice against Apple in granting this motion.

###### E. Apple's Specific Objections to Unwired Planet's Supplemental Infringement Contentions Lack Merit.

Unwired Planet's July Supplemental Contentions respond to a variety of complaints and alleged deficiencies from Apple's June Complaint Letter. While Apple's August Objection Letter and E-mail object generally to four of the July Supplemental Contentions on the basis that they "advance new infringement theories," Apple specifically identifies and objects to only a

9

Case No. 3:13-CV-04134-VC     MEMO OF POINTS & AUTHORITIES IN SUPPORT OF UNWIRED
PLANET'S MOTION FOR LEAVE TO SUPPLEMENT CONTENTIONS

1  handful of allegedly new theories (*see* Exs. K, L), which are highlighted in yellow in Exhibits A

2  through D. Apple's specific objections lack merit, as discussed below.

3      **1.    '831 Patent APNS Contentions Respond to Apple's Complaints with**

4      **Evidence Recently Produced by Apple (Ex. A).**

5      Apple's August Objection Letter objects to Unwired Planet's supplemental contentions

6  for the '831 Patent because they allegedly present "three brand-new theories." Ex. K at 1-2.

7  Contrary to Apple's suggestion, Unwired Planet's supplemental contentions do not provide

8  "three brand-new theories." Based on publicly available information, Unwired Planet asserted in

9  its Prior Contentions that Apple's APNS channel is a "narrowband channel" because Apple

10 limits the data transfer rate of the channel by limiting the size of push notifications. *See, e.g.*, Ex.

11 H at 8-9. Unwired Planet's supplemental contentions provide additional support (based on

12 Apple's source code) that Apple limits the data transfer rate of the APNS channel by also

13 ████████████████████████████. Apple performs ████████████████████

14 ██████████████████████████████. *See, e.g.*, Ex. A at 6-7. Good cause

15 exists because Unwired Planet's supplemental contentions provide additional evidence regarding

16 the "narrowband channel" limitation that was learned from source code not produced by Apple

17 until March 20, 2014, after Unwired Planet's Prior Contentions were served.

18     Moreover, as explained above, good cause exists because Unwired Planet's supplemental

19 contentions for the '831 Patent address alleged deficiencies from Apple's June Complaint Letter.

20 For example, Apple alleged that Unwired Planet's Prior Contentions failed to provide a theory as

21 to how APNS satisfies the "narrowband channel" limitation. Ex. J at 6. To address this alleged

22 deficiency, Unwired Planet's July Supplemental Contentions explain how Apple's APNS limits

23 on delivery of push notifications satisfy this claim limitation through ████████████████

24 ████████████████████████. *See, e.g.*, Ex. A at 6-7.

25

26

27

28

Case No. 3:13-CV-04134-VC      MEMO OF POINTS & AUTHORITIES IN SUPPORT OF UNWIRED
                               PLANET'S MOTION FOR LEAVE TO SUPPLEMENT CONTENTIONS

**2.** **'092 Patent Location Services Contentions Respond to Apple's Complaint for Additional Clarification (Ex. B).**

Apple's August Objection Letter objects to Unwired Planet's supplemental contentions for the '092 Patent because they allegedly "assert[], for the first time, an infringement theory against ███████████" Ex. K at 3. Contrary to Apple's allegation, Unwired Planet's Prior Contentions for the '092 Patent alleged an infringement theory against ███████, including through the following contentions regarding ████████ (and as highlighted in yellow in Exhibit I):

Ex. I at 7 (emphasis added).

Ex. I at 10 (emphasis added).

Ex. I at 10 (emphasis added).

Ex. I at 10 (emphasis added).

Ex. I at 13 (emphasis added).

Ex. I at 13 (emphasis added).

Ex. I at 16 (emphasis added).

Moreover, as explained above, good cause exists because Unwired Planet's supplemental contentions address alleged deficiencies from Apple's June Complaint Letter. For example,

Apple alleged that Unwired Planet's Prior Contentions failed to identify which aspects of Apple's Location Services satisfy each limitation, including "location finding equipment" and "wireless location application" limitations. Ex. J at 3-6. To address this alleged deficiency, Unwired Planet's July Supplemental Contentions explicitly identify that ███████ satisfy both the "location finding equipment" and "wireless location application" limitations. *E.g.*, Ex. B at 2 ████████████████████████████████████████

███████████████████████████████6████████████████████████████████

████████████████████████████████████████████

As another example, Apple's June Complaint Letter set forth Apple's mistaken "understanding" of Unwired Planet's contention that ████████████████████████████ ████████████████████████████████████████████████ ████████████████████████ and requested that Unwired Planet "[p]lease confirm if [Apple's 'understanding'] is Unwired Planet's contention, or otherwise provide the requested explanation." Ex. J at 4-5. In its July Supplemental Contentions, Unwired Planet addressed and corrected Apple's mistaken "understanding" of its contentions regarding ████ ████, for example by explicitly specifying that ██████████ satisfy both the "location finding equipment" and "wireless location application" limitations.

As explained above, good cause also exists because Unwired Planet's supplemental contentions provide additional evidence to support Unwired Planet's prior infringement theories (including its theories regarding ████████████), based on source code that was not produced by Apple until February 28, 2014, after the Prior Contentions were served.

### 3. '491 Patent Auto-Lock Contentions Respond to Apple's Claim Construction Proposals (Ex. C).

Apple's August Objection E-mail objects to Unwired Planet's supplemental contentions for the '491 Patent against Auto-Lock because they allegedly "add new theories" and "introduce – for the first time – a new theory that features and events related to the 'Do Not Disturb' option allegedly constitute 'stationary' or 'active' preferences." Ex. L. Contrary to Apple's suggestion,

12

Case No. 3:13-CV-04134-VC      MEMO OF POINTS & AUTHORITIES IN SUPPORT OF UNWIRED
PLANET'S MOTION FOR LEAVE TO SUPPLEMENT CONTENTIONS

Unwired Planet's supplemental contentions do not provide a new theory, but instead provide a supplemental contention that the "active" and "stationary" preferences of an iOS device include the settings available under the Do Not Disturb functionality. Ex. C at 3-4. Good cause exists because Unwired Planet's supplemental contentions address Apple's proposed claim construction of the terms "stationary preferences" and "active preferences," where the Do Not Disturb settings are "user-selectable settings the user wants."[11] *See* Patent L.R. 3-6(a) (specifying "[a] claim construction by the Court different from that proposed by the party seeking amendment" as a "[n]on-exhaustive example[] … of good cause").

        **4.**     **'491 Patent In-call Screen Lock & Siri Raise to Speak Contentions Respond to Apple's Complaints and Apple's Claim Construction Proposal (Ex. D).**

Apple's August Objection Letter objects to Unwired Planet's supplemental contentions for the '491 Patent against In-call Screen Lock & Siri Raise-to-Speak because they allegedly raise "allegations against new accused instrumentalities and methods, including the use of a 'Passcode,' a 'fingerprint identity sensor,' and 'the Do Not Disturb Functionality.'" Ex. K at 3.

As explained above, good cause exists because Unwired Planet's supplemental contentions for the '491 Patent address alleged deficiencies from Apple's June Complaint Letter. For example, Apple alleged that Unwired Planet's Prior Contentions failed to identify how the In-call Screen Lock or Siri Raise-to-Speak functionalities determine whether the mobile device is proximate to its owner. Ex. J at 8. To address this alleged deficiency, Unwired Planet's July Supplemental Contentions expressly identify that "[a]n iPhone … determines whether it is proximate to an owner when the owner unlocks the iPhone with his/her passcode or fingerprint and the proximity sensor and/or light sensor determines that the iPhone is proximate to the owner's head during a voice call [or a Siri session]." Ex. D at 2.

---

[11] Apple proposed that "stationary preferences" and "active preferences" be construed as "configuration of user-selectable settings the user wants when the device is stationary/active." Dkt. No. 204 at 32.

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

Moreover, good cause exists because Unwired Planet's supplemental contentions address Apple's proposed claim construction of the term "determining whether the mobile device is proximate to its owner." Based on claim differentiation, Unwired Planet proposed that the "determining" limitation be construed to include a user and/or owner of the device. Dkt. No. 203 at 21-23. Apple, however, proposed that the limitation be construed to include only an owner of the device. Dkt. No. 204 at 30-31. Because Apple's devices do identify the owner through the fingerprint sensor and/or passcode, Unwired Planet supplemented its infringement contentions accordingly to address Apple's construction (*see* Ex. D at 2) and, to reduce the disputes before the Court, agreed to Apple's construction. *See* Patent L.R. 3-6(a).

As to the new infringement theory regarding the combination of the fingerprint sensor and the Do Not Disturb functionality, the Court should grant Unwired Planet's proposed supplementation because there is no prejudice to Apple. The combination of the fingerprint sensor and Do Not Disturb functionality was first offered with iPhone 5S devices, released in September 2013. Apreotesi Decl. ¶ 24. Leave to amend should be given because fact discovery is ongoing and Unwired Planet does not require any additional discovery for its supplemental contentions, beyond what has already been requested and remains outstanding from Apple. *See Linex Techs. v. Hewlett-Packard Co.*, No. C 13-159, 2013 U.S. Dist. LEXIS 159204, at *6-7 (N.D. Cal. Nov. 5, 2013) ("[E]ven if the movant was arguably not diligent, the court retains discretion to grant leave to amend."); *United States Ethernet Innovations*, 2013 U.S. Dist. LEXIS 147571, at *22-23 (granting leave to amend even though plaintiff "probably … was not diligent in proposing its amendment sooner" because "it seems unlikely that the proposed amendment will cause prejudice to Defendant"); *Apple Inc. v. Samsung Electronics Co.*, No. CV 12-00630 LHK, 2012 U.S. Dist. LEXIS 163739, at *22-25 (N.D. Cal. Nov. 15, 2012) (granting leave to amend despite a lack of diligence or explanation for the "extended delay" on the ground that there was no showing of prejudice).

Case No. 3:13-CV-04134-VC    MEMO OF POINTS & AUTHORITIES IN SUPPORT OF UNWIRED PLANET'S MOTION FOR LEAVE TO SUPPLEMENT CONTENTIONS

III. **CONCLUSION**

For all of the reasons discussed herein, Unwired Planet has demonstrated a timely showing of good cause and absence of any undue prejudice to Apple from Unwired Planet's supplementation of its infringement contentions through the July Supplemental Contentions.

Case No. 3:13-CV-04134-VC   MEMO OF POINTS & AUTHORITIES IN SUPPORT OF UNWIRED
PLANET'S MOTION FOR LEAVE TO SUPPLEMENT CONTENTIONS

**DATED:** **August 29, 2014**     McKOOL SMITH HENNIGAN, P.C.

By */s/ John B. Campbell, Jr.*

Courtland L. Reichman (SBN 268873)
creichman@mckoolsmithhennigan.com
MCKOOL SMITH HENNIGAN, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065
Telephone:     (650) 394-1400
Facsimile:     (650) 394-1422

Theodore Stevenson III (*pro hac vice*)
tstevenson@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone:     (214) 978-4000
Fax:     (214) 978-4044

Kevin Burgess (*pro hac vice*)
kburgess@mckoolsmith.com
John B. Campbell (*pro hac vice*)
jcampbell@mckoolsmith.com
Kevin Kneupper (*pro hac vice*)
kkneupper@mckoolsmith.com
Mario A. Apreotesi  (*pro hac vice*)
mapreotesi@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th St., Suite 1700
Austin, Texas 78701
Telephone:     (512) 692-8700
Fax:     (512) 692-8744

Lauren Fornarotto (*pro hac vice*)
lfornarotto@mckoolsmith.com
MCKOOL SMITH, P.C.
One Bryant Park, 47th Floor
New York, NY 10036
Telephone:     (212) 402-9400
Fax:     (212) 402-9444

*ATTORNEYS FOR PLAINTIFF UNWIRED
PLANET LLC*