UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNWIRED PLANET, LLC,<br>　　　　Plaintiff,<br>　　v.<br>APPLE INC,<br>　　　　Defendant. | Case No. 13-cv-04134-VC<br><br>**ORDER DENYING MOTION TO SUPPLEMENT INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. No. 250 |

　　　　Unwired Planet has moved to supplement four infringement contentions against Apple, which Apple opposes. Because Unwired Planet has not established good cause for amending these contentions, the motion is denied.

**I.　　BACKGROUND**

　　　　Unwired Planet sued Apple in September 2012 in the District of Nevada. Unwired Planet served initial infringement contentions on Apple in February 2013 and supplemented those contentions in May 2013. In July 2013, Apple served its invalidity contentions. Then, in August 2013, the case was transferred to the Northern District of California.

　　　　The parties agreed to a schedule for proceeding in the Northern District of California, and pursuant to that schedule Unwired Planet filed its First Amended Infringement Contentions in early February 2014. In late February the parties exchanged proposed claim constructions, filed their Joint Claim Construction and Prehearing Statement in March 2014, and then filed their claim construction briefs in April 2014.  A claim construction hearing took place on August 11, and the parties proposed constructions are presently under submission.

　　　　Meanwhile, on June 10, 2014, Apple sent Unwired Planet a letter contending that some of

1  its infringement contentions were deficient and asking Unwired Planet to address them. On July
2  17, 2014, Unwired Planet responded by filing what it claimed were supplemental infringement
3  contentions. Apple, however, has objected to four of Unwired Planet's supplemental contentions
4  for three of the asserted Patents – the '831, '092, and '491 Patents – on the grounds that Unwired
5  Planet, rather than adding specificity to its existing infringement contentions, added new
6  infringement theories against newly accused features and technologies.[1] Apple's objection led to
7  this motion by Unwired Planet to amend its infringement contentions for these three patents.

## II. LEGAL STANDARD

Patent Local Rule 3-6 allows the parties to amend their infringement contentions only "by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. The burden is on the moving party to show that it acted with diligence in amending its contentions. *O2 Micro Int'l Ltd. v. Monolithic Power Sys. Inc.*, 467 F.3d 1355 (Fed. Cir. 2006). The local rule provides examples that may support a finding of good cause: "(a) A claim construction by the Court different from that proposed by the party seeking amendment; (b) Recent discovery of material prior art despite earlier diligent search; and (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." Patent L.R. 3-6.

In addition to considering whether the moving party has established good cause, the court also considers whether the non-moving party would suffer undue prejudice. However, "[i]f the court finds that the moving party was not diligent in amending its infringement contentions, there is no need to consider the question of prejudice to the non-moving party, although a court in its discretion may elect to do so." *Dynetix Design Solutions Inc. v. Synopsys Inc.*, 2012 WL 6019898, at *2 (N.D. Cal. Dec. 3, 2012).

---

[1] Apple only objects to four of Unwired Planet's supplemental contentions, namely, the ones it contends constitute new infringement theories. It does not object to Unwired Planet's remaining supplemental contentions.

2

## III. DISCUSSION

Unwired Planet argues that it has good cause for amending its contentions either because it discovered new information based on recently-produced source code from Apple, or because it is responding to Apple's proposed claim construction.[2] But for each of the four contentions, Unwired Planet has failed to establish good cause.

### A. '831 Patent

Unwired Planet has amended its contentions for the '831 Patent by adding that Apple's Push Notification Service (APNS) meets the "narrowband channel" limitation by queuing up messages for delivery, i.e., by "throttling." Unwired Planet argues that the addition of "throttling" is simply a supplement to its prior contentions. But "throttling" is a new infringement theory. In its February 2014 Contentions, Unwired Planet alleged that APNS met the "narrowband channel" limitation because APNS limits the message size of each push notification. Restricting the size of individual messages is a different function from limiting the number of messages that are queued for delivery.

The question, therefore, is whether Unwired Planet has good cause for adding this new infringement theory. Unwired Planet claims it has established good cause because it learned of the "throttling" functionality through source code that Apple failed to produce until March 20, 2014, after Unwired Planet served its prior infringement contentions. But Unwired Planet failed to cite any source code in its infringement contentions or in its opening brief. Rather, it simply claimed, without any factual support, that the "throttling" limitation is based on recently-produced Apple source code. This generalized statement is insufficient to show good cause, particularly considering that a public document about APNS – the same public document that Unwired Planet cited in its February 2014 Contentions – describes how APNS only stores a limited number of push notifications at a time. Unwired Planet contends that the public document describes how APNS discards messages while the device is offline, whereas its supplemental infringement

---

[2] Unwired Planet also argues it has good cause because its supplemental contentions are in response to Apple's claim that Unwired Planet's infringement contentions were deficient. But Apple's letter was a request for more specificity and information about Unwired Planet's existing contentions, not an invitation for Unwired Planet to add new infringement contentions.

3

1  contention concerns "throttling" the delivery of messages while the device is online, and thus
2  Unwired Planet could not have brought its "throttling" infringement contention based on the
3  information available in the public document. If this is true, it is even more reason why Unwired
4  Planet should have provided some citation to the source code it relied on as a way to distinguish
5  what it learned from the source code from what it could have learned based on the public
6  document.

### B.  '092 Patent

Unwired Planet has also added a new infringement theory for the '092 Patent, namely, that Apple servers meet the "location finding equipment" limitation of the '092 Patent. In its prior contentions Unwired Planet accused Apple servers of infringement, but it did so by alleging that Apple servers receive information from location finding equipment, store that information, and output the information. Dkt. 232, Ex. I at 7, 10, 13, and 16. In its July 2014 Contentions, Unwired Planet alleges that Apple servers *are* location finding equipment, which is clearly a new infringement theory against Apple servers. Unwired Planet is correct that its supplemental contentions are responsive to Apple's letter alleging that Unwired Planet's contentions for the '092 Patent were deficient. But this does not give Unwired Planet good cause for adding a new infringement theory.

Like it did for its supplemental contentions for the '831 Patent, here too Unwired Planet argues it has good cause for adding Apple servers as "location finding equipment" because it allegedly learned this information from source code Apple produced on February 28, 2014, after Unwired Planet served its prior contentions. But again, in its supplemental contentions and in its opening brief, Unwired Planet merely made a conclusory statement that it relied on source code, but failed to actually cite any of that source code.[3] Accordingly, Unwired Planet has not established good cause for adding a new infringement theory for the '092 Patent.

---

[3] In its reply brief, Unwired Planet also argued that it has good cause for amending because adding Apple servers as "location finding equipment" is in response to Apple's proposed claim construction of "location inputs." However, because Unwired Planet first made this argument in its reply brief, the Court will not consider it.

4

### C. '491 Patent – Auto-Lock and Do Not Disturb

In its February 2014 Contentions, Unwired Planet alleged that Apple's Auto-Lock functionality met the "stationary preferences" and "active preferences" limitation of the '491 Patent. In its July 2014 Contentions, Unwired Planet alleged, for the first time, that Apple's "Do Not Disturb" feature, in combination with Auto-Lock, infringes the '491 Patent. Do Not Disturb and Auto-Lock are two different functionalities, so the question again is whether Unwired Planet has established good cause for adding this new infringement theory against a new feature.

Rather than argue that it relied on recently-produced source code for this supplemental contention, Unwired Planet contends the addition of Do Not Disturb is in response to Apple's proposed claim construction of the terms "stationary preferences" and "active preferences." The two parties' proposed claim constructions are as follows:

- Unwired Planet: "configuration of settings that may be set when the mobile device determines that it has been/has not been stationary."
- Apple: "configuration of user-selectable settings the user wants when the device is stationary/active."

Unwired Planet argues it is supplementing its contention with the Do Not Disturb feature because that feature, unlike the Auto-Lock feature, would meet the "stationary/active preferences" limitation even under Apple's more limiting claim construction proposal. This may be true, but there is no reason why Unwired Planet should not have already included the Do Not Disturb feature in its prior contentions, as it would presumably infringe under Unwired Planet's more expansive proposed construction of "stationary/active preferences." Further, Unwired Planet has been aware of Apple's proposed construction of "stationary/active preferences" since late February 2014, so even if Unwired Planet failed to include Do Not Disturb in its prior contentions, it could have moved to amend at any point after learning of Apple's proposed construction.

### D. '491 Patent – In-call Screen Lock and Siri Raise to Speak

Unwired Planet's earlier infringement contentions alleged that Apple's "In-call Screen Lock" and "Siri Raise to Speak" features infringe the '491 Patent by meeting the limitation of "determining whether the mobile device is proximate to its owner." In its July 2014 Contentions,

1 Unwired Planet added two new features that it alleges meet the "proximate to owner" limitation, to
2 which Apple objects: the Do Not Disturb feature and the fingerprint sensor.
3   Unwired Planet acknowledges this constitutes a new infringement theory. Unwired Planet
4 argues it has good cause for adding these new features both because it is in response to Apple's
5 proposed claim construction, which Unwired Planet agreed to in advance of the claim construction
6 hearing, and because Unwired Planet could bring this infringement contention in a future case
7 since the combination of the fingerprint sensor and Do Not Disturb was first offered with the
8 iPhone 5s, which was released in September 2013 after Unwired Planet initiated this case.
9   With respect to Unwired Planet's claim construction argument, the parties initially
10 proposed the following constructions for "determining whether the mobile device is proximate to
11 its owner":
12 - Unwired Planet: "determining if the mobile device is close to the individual who owns
13  or is using the device."
14 - Apple: "determining if the mobile device is, or is not, close to the individual who owns
15  the device."
16 Once again, even though Apple's proposed construction – which, according to Unwired Planet, it
17 agreed to so as to reduce the number of disputed terms before the Court – is more limiting than
18 Unwired Planet's, this does not change the fact that the two new accused features, if they infringe
19 under Apple's proposed construction, would also have infringed under Unwired Planet's proposed
20 construction. Accordingly, Unwired Planet could have included the fingerprint sensor and Do Not
21 Disturb features in its earlier contentions, or it could have moved to amend at any point after it
22 learned of Apple's limiting claim construction proposal. Accordingly, it is has not met its burden
23 of establishing good cause by waiting to propose them until July 2014 (not to mention waiting
24 until September 2014 to move to add them, as required by the local rules).
25   Unwired Planet contends that, for the sake of judicial economy, it should be allowed to add
26 these infringement contentions because it would be able to bring a patent infringement suit against
27 these features in future litigation. Assuming only for purposes of this motion that this is true, it is
28 not sufficient to establish good cause, as the crux of the good cause inquiry is "the moving party's

diligence in investigating the claim and seeking to amend." *Dynetix Design Solutions Inc. v. Synopsys Inc.*, 2012 WL 6019898, at *2 (N.D. Cal. Dec. 3, 2012).

## IV. CONCLUSION

Because Unwired Planet has not met its burden of establishing good cause for adding new infringement theories against new technologies and features, the Court need not consider whether Apple would suffer prejudice. If it did, however, it would likely find that the amended contentions would be unduly prejudicial, as fact discovery will close in less than a month from the Court's order, Apple would likely be required to produce discovery for the newly-accused features, and Apple would likely be required to develop invalidity theories in response to the new infringement contentions. Regardless, Unwired Planet has not established good cause, so its motion to supplement its infringement contentions is denied.

**IT IS SO ORDERED**.

Dated: October 23, 2014

_____
VINCE CHHABRIA
United States District Judge