COURTLAND L. REICHMAN, SBN 268873
creichman@mckoolsmith.com
MCKOOL SMITH HENNIGAN, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065
Telephone: (650) 394-1400
Fax: (650) 394-1422

THEODORE STEVENSON III (pro hac vice)
tstevenson@mckoolsmith.com
300 Crescent Court, Suite 1500
MCKOOL SMITH, P.C.
Dallas, Texas 75201
Telephone: (214) 978-4000
Fax: (214) 978-4044

KEVIN BURGESS (pro hac vice)
kburgess@mckoolsmith.com
JOHN B. CAMPBELL (pro hac vice)
jcampbell@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th St., Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Fax: (512) 692-8744

*Attorneys for Plaintiff*

JOSH KREVITT, SBN 208552
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Ave., New York, NY  10166-0193
Telephone: (212) 351-4000
Fax: (212) 351-4035

H. MARK LYON, SBN 162061
mlyon@gibsondunn.com
Y. ERNEST HSIN, SBN 201668
ehsin@gibsondunn.com
STUART M. ROSENBERG, SBN 239926
srosenberg@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Rd.
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Fax: (650) 849-5333

BROOKE MYERS WALLACE, SBN 259169
bwallace@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Ave.
Los Angeles, CA 90071
Telephone: (213) 229-7000

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANSCISO

| | |
|---|---|
| **UNWIRED PLANET LLC,**<br>    a Nevada limited liability company,<br><br>        Plaintiff,<br><br>    **v.**<br><br>**APPLE INC.,**<br>    a California corporation,<br><br>        Defendant. | CIVIL ACTION NO.<br><br>3:13-CV-04134-VC<br><br><br>**STIPULATION AND [~~PROPOSED~~] ORDER REGARDING JUDGMENT OF NON-INFRINGEMENT OF THE '491 PATENT**<br><br>Judge: Hon. Vince Chhabria |

WHEREAS, Plaintiff Unwired Planet LLC ("Unwired Planet") and Defendant Apple Inc. ("Apple") ("the Parties") stipulate and move for entry of judgment of non-infringement under asserted Claims 15 and 26 of U.S. Patent No. 6,813,491 ("the '491 Patent") as to all accused products under the Court's Claim Construction Order (Dkt. No. 269) and Order Denying Motion to Supplement Infringement Contentions (Dkt. No. 261); and

WHEREAS, entering judgment of non-infringement now will allow the parties to forego further litigation in this Court on Claims 15 and 26 of the '491 Patent, while preserving Unwired Planet's right to appeal the Court's Claim Construction Order (Dkt. No. 269) and Order Denying Motion to Supplement Infringement Contentions (Dkt. No. 261);

IT IS HEREBY STIPULATED AND AGREED by the Parties, subject to the approval of the Court, as follows:

1. This is a patent infringement action brought by Unwired Planet against Apple. Unwired Planet filed this patent litigation against Apple on September 19, 2012, in the District of Nevada. *See* Dkt. No. 1. Currently, the patents-in-suit include United States Patents Nos. 6,647,260; 6,321,092; 6,317,831; 6,532,446; and 6,813,491 (collectively, the "Asserted Patents"). Unwired Planet has dismissed without prejudice other patents previously asserted. *See* Dkt. No. 259.

2. Unwired Planet has accused certain electronic devices, namely certain of Defendant's iOS products prior to the release of iOS8 of infringing the '491 Patent as shown in Dkt. No. 231-13, 231-15, and 231-17 (Unwired Planet's First Amended Infringement Contentions), incorporated by reference herein.

3. This case was transferred to the Northern District of California in August 2013. Dkt. No. 151.

STIPULATION AND [PROPOSED] ORDER RE: JUDGMENT OF NON-INFRINGEMENT FOR THE '491 PATENT, Case No. 3:13-CV-04134-VC

4.      The parties disputed the construction of the term "determining whether the mobile device is proximate to its owner" of Claim 15 of the '491 Patent. Unwired Planet proposed the following construction: "determining if the mobile device is close to the individual who owns or is using the device." Apple proposed the following construction: "determining if the mobile device is, or is not, close to the individual who owns the device."

5.      The parties also disputed the construction of the terms "stationary / active preferences" of Claim 26 of the '491 Patent. Unwired Planet proposed the following construction: "configuration of settings that may be set when the mobile device determines that it has been / has not been stationary." Apple proposed the following construction: "configuration of user-selectable settings the user wants when the device is stationary / active."

6.      On July 17, 2014, Unwired Planet served its Second Supplemental Infringement Contentions for the '491 Patent as shown in Dkt. Nos. 231-9, 231-11, incorporated by reference herein.  Also on July 17, 2014, Unwired Planet agreed to Apple's proposed construction of the term "determining whether the mobile device is proximate to its owner" of Claim 15 of the '491 Patent.

7.      Apple objected to the service of Unwired Planet's Second Supplemental Infringement Contentions with respect to the '491 Patent, including the addition of contentions regarding the "Do Not Disturb" feature with respect to Claims 15 and 26 of the '491 Patent, and "Touch ID" with respect to Claim 15 of the '491 Patent.

8.      On August 29, 2014, Unwired Planet moved to amend its infringement contentions for the '491 Patent. *See* Dkt. Nos. 232 (Motion to Supplement Infringement Contentions), 245-3 (Reply).

9.      On September 15, 2014, Apple opposed Unwired Planet's Motion with respect to the '491 Patent.  *See* Dkt. No. 242.

3

STIPULATION AND [PROPOSED] ORDER RE: JUDGMENT OF NON-INFRINGEMENT FOR THE '491 PATENT, Case No. 3:13-CV-04134-VC

10.     On October 23, 2014, the Court denied Plaintiff's Motion to Supplement Infringement Contentions. Dkt. No. 261.

11.     On November 3, 2014, the Court issued a Claim Construction Order construing the disputed claim terms of the Asserted Patents. Dkt. No. 269. The Court accepted the parties' agreed-upon construction of the term "determining whether the device is proximate to its owner" of Claim 15 of the '491 Patent: "determining if the mobile device is, or is not, close to the individual who owns the device." *Id.* at 1. The Court adopted the following construction of "stationary / active preferences" term of Claim 26: "configuration of user-selectable settings the user wants when the device determines that it is / is not stationary." *Id.* at 28.

12.     The Parties now stipulate that, given the Court's construction of the term "stationary / active preferences" as set forth in the Court's Claim Construction Order (Dkt. No. 269), and the Court's denial of Unwired Planet's Motion to Supplement its Infringement Contentions (*see* Dkt. Nos. 232, 261), Unwired Planet cannot prove infringement of Claim 26 of the '491 Patent for the accused products.

13.     The Parties further stipulate that, given Parties' agreed-upon construction of "determining whether the mobile device is proximate to its owner", and the Court's denial of Unwired Planet's Motion to Supplement Infringement Contentions (*see* Dkt. Nos. 232, 261), Unwired Planet cannot prove infringement of Claim 15 of the '491 Patent for the accused products.

14.     The Parties respectfully request that the Court enter judgment of non-infringement as to the '491 Patent to conserve judicial resources and to avoid the time and expense of further discovery and motion practice related to the '491 Patent. Upon entry of such judgment and upon entry of final judgment in this case resolving the remaining Asserted Patents, Unwired Planet intends to file a notice of appeal as to the Court's Claim Construction Order (Dkt. No. 269) and

STIPULATION AND [PROPOSED] ORDER RE: JUDGMENT OF NON-INFRINGEMENT FOR THE '491 PATENT, Case No. 3:13-CV-04134-VC

Order Denying Motion to Supplement Infringement Contentions (Dkt. No. 261). In the event that the Federal Circuit dismisses Unwired Planet's appeal as premature, Unwired Planet reserves the right (which Defendant does not contest) to undertake further proceedings in this Court on remand to complete the record for appeal.

15.     The Parties further stipulate and agree that Defendant's unadjudicated affirmative defenses and counterclaims as to the '491 Patent are dismissed without prejudice to being reasserted in the event of remand or other assertions by Unwired Planet of the '491 Patent.

**IT IS SO AGREED AND STIPULATED this 19th day of January, 2015:**

By: /s/ John Campbell

Theodore Stevenson III
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000

Kevin Burgess
John B. Campbell
MCKOOL SMITH, P.C.
300 W. 6th St., Suite 1700
Austin, TX 78701
Telephone: (512) 692-8700

*Attorneys for Plaintiff Unwired Planet LLC*

By: /s/ Brooke Myers Wallace

Josh Krevitt
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone:  (212) 351-4000

H. Mark Lyon
Y. Ernest Hsin
Stuart M. Rosenberg
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone:  (650) 849-5300

Brooke Myers Wallace
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Ave.
Los Angeles, CA 90071
Telephone: (213) 229-7000

*Attorneys for Defendant Apple Inc.*

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE

DATED: January 20, 2015

5