1  JOSH KREVITT, SBN 208552
   jkrevitt@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
3  New York, NY 10166-0193
   Telephone: (212) 351-4000
4
5  H. MARK LYON, SBN 162061
   mlyon@gibsondunn.com
6  Y. ERNEST HSIN, SBN 201668
   ehsin@gibsondunn.com
7  STUART M. ROSENBERG, SBN 239926
   srosenberg@gibsondunn.com
8  GIBSON, DUNN & CRUTCHER LLP
   1881 Page Mill Road
9  Palo Alto, CA 94304-1211
   Telephone: (650) 849-5300
10 Fax: (650) 849-5333

11 BROOKE MYERS WALLACE, SBN 259169
   bwallace@gibsondunn.com
12 GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
13 Los Angeles, CA 90071-3197
   Telephone: 213.229.7000
14
15 *Attorneys for Defendant APPLE INC.*

16         **UNITED STATES DISTRICT COURT**

17        **NORTHERN DISTRICT OF CALIFORNIA**

18
19 UNWIRED PLANET LLC, a Nevada limited      CASE NO. 3:13-CV-04134-VC
   liability company,
20                                           **APPLE, INC.'S ADMINISTRATIVE MOTION**
                              Plaintiff,     **TO SEAL COURTROOM DURING APRIL 22,**
21                                           **2015 HEARING ON THE PARTIES' MOTIONS**
        v.                                   **FOR SUMMARY JUDGMENT AND APPLE'S**
22                                           **MOTION TO EXCLUDE UNWIRED**
   APPLE INC., a California corporation,     **PLANET'S EXPERTS**
23
                              Defendant.
24                                           Hearing: April 22, 2015, 10:00 AM
                                             Judge:   Hon. Vince Chhabria
25
26
27
28

Defendant Apple Inc. ("Apple") respectfully moves for an order sealing the courtroom at the hearing on the parties' Motions for Summary Judgment and on Apple's Motion to Exclude Unwired Planet's Experts, currently scheduled in this case for April 22, 2015, at 10:00 am. Unwired Planet does not oppose this motion.

## I. BACKGROUND

Apple files this motion to seal the courtroom because the motions set for argument on April 22 concern Apple's highly confidential technical, financial, and licensing information. Apple and Unwired Planet have both moved to file the briefing regarding these motions under seal. *See* D.I. 310, 316, 318, 325, 328-330, 332, 335. As described in these motions to file under seal and their supporting declarations, each of the Parties submitted certain information in the briefs or exhibits that Apple designated "Highly Confidential – Attorney's Eyes Only" when produced. See Protective Order [D.I. 118] at ¶¶ 2(f), 9. This information included, *inter alia*:

- Apple's trade secrets and confidential business practices, including highly confidential information about the functioning of Apple's products and confidential source code;

- Apple's non-public financial information: Apple's specific cost data, profit margins, and detailed breakdowns of product line sales, costs, and revenue; and

- Apple's confidential licensing information: terms and/or settlement amounts of certain settlement licenses between Apple and its licensing partners.

Each of these categories of information is precisely the type of information that has been found by courts to "outweigh the public's interest and justify sealing court records" under the Ninth Circuit's "compelling reasons" standard.[1] Because this evidence so closely supports the arguments the parties are likely to make at the April 22nd hearing, and therefore will likely need to be referenced explicitly during the hearing, the courtroom should be sealed during the hearing because this evidence goes well beyond what the public needs to understand the parties' positions and the judicial process. *Richardson v. Mylan Inc.*, No. 09-CV-1041, 2011 U.S. Dist. LEXIS 23969, at *7-8 (S.D. Cal. Mar. 9, 2011) (information "of comparatively little value to the general public in terms of

---

[1] *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003) ("Compelling reasons" must be shown to seal "documents subject to a protective order [that] are filed under seal as attachments to a dispositive motion").

1

enhancing its understanding of the judicial process" is sealable) (internal quotation omitted); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053, 2010 U.S. Dist. LEXIS 21721, at *13-14 (N.D. Cal. Mar. 10, 2010) (sealing material that would "do little to aid the public's understanding of the judicial process," but could cause a party "significant harm").

## II. GROUNDS TO SEAL COURTROOM

**A.**     **Apple Undertakes Significant Internal Measures to Protect Confidential Information Belonging to Apple or Third Parties**

Apple moves to seal the courtroom for the April 22, 2015 hearing on the parties' Motions for Summary Judgment and Apple's Motion to Exclude Unwired Planet's Experts because the hearing will include significant, detailed discussion of Apple's confidential information (listed above) submitted under seal in support of these Motions.

As described above, the parties' Motions repeatedly refer to Apple's trade secrets and confidential business information, including highly sensitive information about how Apple's products function, as well as Apple's highly confidential and proprietary source code and technical information. The specific Apple technical information at issue here is non-public and is considered by Apple to be of highest confidentiality. Apple treats its source code and closely-related technical information with the utmost confidentiality, restricting access even within Apple to such source code. Declaration of Sarita Venkat ("Venkat Decl.") at ¶¶ 4-5. Apple takes significant precautions to protect the confidentiality of its source code and closely-related information and prevent disclosure of the same accordingly. *Id.* at ¶¶ 4-8. Apple heavily limits knowledge of its source code, as Apple considers such technical information to be its trade secret and the subject of independent economic value. *Id.* at ¶ 9. Apple has made significant investments in developing this source code. *Id.* at ¶ 7. Indeed, in light of the value of this information to Apple, and the harm that would be caused to Apple from its disclosure, even in this litigation, where source code has been produced in discovery, it has been treated with the utmost confidentiality and additional restrictions regarding its protection were implemented. *Id.* at ¶ 8; *see also* Protective Order (D.I. 118).

Indeed, courts in this circuit have consistently held that "[c]onfidential source code clearly meets the definition of a trade secret" and is sealable under the "compelling reasons" standard.

2

*Apple, Inc. v. Samsung Electronics Co.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012); *Apple, Inc. v. Samsung Electronics Co.*, No. 11-CV-01846-LHK, 2012 WL 4933287, at *2 (N.D. Cal. Oct. 16, 2012). "[T]echnical information that is closely related to Apple's source code" is likewise considered to be sealable. Order at 7-8, *Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-cv-1846 (Feb. 20, 2013) (D.I. 2250-1); Order at 2-3, *Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-cv-1846 (Sep. 11, 2013) (D.I. 2397) (granting motion to seal documents that could give competitors a chance to learn the functionality and limits of functionality of Apple products). Disclosure of such source code and closely-related information, which Apple carefully protects from public knowledge, thus would cause Apple harm and to lose significant competitive advantage. Venkat Decl. at ¶¶ 7, 9. For example, such disclosure would damage the significant investment that Apple has made in developing its software and the independent economic value that Apple derives from its proprietary and confidential source code. *Id.*

Likewise, the parties' arguments on Apple's Motion to Exclude Unwired Planet's Experts identify specific cost information for the Apple iPhone devices and identify the confidential amount Apple paid to settle an unrelated litigation. Exhibits to these motions contain supporting documentation in the form of a financial document that details Apple's product sales and costs, profit margins, and operating expenses. Apple strictly protects its confidential financial data, both within and outside Apple, as they provide critical strategic insight into Apple's competitive business strategy, in stark contrast to the more generalized revenue and sales information that Apple provides in SEC filings and on earnings calls. *Id.* at ¶¶ 15-16. Such financial data could enable Apple's competitors to tailor their own product offerings and priorities, advertising, budgets, and business strategies to more effectively compete with Apple. *Id.* at ¶ 17. As just one example, if Apple's competitors knew the specific profit margins for each iPhone model, they could determine which models are most profitable and by how much, and use that as a roadmap to undercut Apple's product pricing. *Id.* In addition, if Apple's suppliers had this information, they could raise prices just enough to extract a higher profit without losing Apple as a customer. *Id.* Other courts have found that compelling reasons exist to seal such information based on these very reasons. *See Nat'l Ass'n of*

MOTION TO SEAL COURTROOM DURING
APRIL 22, 2015 HEARING

CASE NO. 13-CV-04134-VC

*Optometrists & Opticians v. Brown*, 709 F. Supp. 2d 968, 978 (E.D. Cal. 2010), *aff'd by* 682 F.3d 1144 (9th Cir. 2012); (deeming financial data not known to the public "proprietary").

Finally, during the hearing, the parties will also need to explain to the court the details of certain of Apple's settlement licenses. As courts have recognized, the disclosure of this information would substantially harm Apple by providing its competitors "with competitively sensitive information to which they otherwise would not have access and also potentially reduce [Apple's] leverage in negotiations with component suppliers and other business partners." *Nygren v. Hewlett-Packard Co.*, 2010 U.S. Dist. LEXIS 59094 (N.D. Cal. May 25, 2010) (finding compelling reasons to seal settlement agreement that "reveals confidential, competitively sensitive financial matters"). Apple deliberately and carefully protects the confidentiality of its licensing arrangements, within and without Apple, for these very reasons. Venkat Decl. at ¶¶ 11-13. Apple discloses its license agreements or related documents only under very strict non-disclosure or other confidentiality agreements. *Id.* Apple is frequently engaged in licensing negotiations and lawsuits, and the public disclosure of its licenses, settlement agreements, and revenues would negatively impact its position in future negotiations. *Id.* at ¶ 12. At minimum, potential competitors or entities seeking to sue Apple would gain unfair bargaining power and insight into Apple's, and its licensing partners,' cost/benefit and licensing strategies. *Id.*

**B.** **Apple Undertakes Significant Measures to Protect Confidential Information Belonging to Apple or Third Parties During Litigation**

As mentioned above in § A, the information described above is of great value to Apple, and Apple accordingly imposes both internal protocols and, in the context of a litigation, strict requirements for disclosure of such confidential technical information (such as confidential source code), licensing information, and financial information. In particular, the Protective Order set in place in this case limits the disclosure of "Protected Material" prior to trial to the individuals identified in paragraph 9 of the Order under strict conditions; for instance, Apple does not permit even its own experts to retain electronic or hard copies of Apple source code during litigation. *Id.* at ¶ 8; Protective Order [D.I. 118] at ¶¶ 9, 11. Similarly, Apple's in-house counsel had to obtain

1    multiple levels of approval before any of this information could be produced in this litigation, even

2    when being produced under the Protective Order with a "Highly Confidential – Outside

3    Attorneys' Eyes Only" confidentiality designation.  Venkat Decl. at ¶ 13.  Last, Apple has repeatedly

4    sought to file this sensitive material – where necessary to support its motions or other briefing in this

5    matter – under seal to ensure its confidentiality.

### III.    Conclusion

8         The Parties agree that Protected Material submitted in the Parties' Motion papers (or related

9    thereto) is highly likely to be discussed during the April 22 hearing.  Therefore, in an abundance of

10   caution and to preserve the confidentiality of Apple's Protected Material, Apple hereby respectfully

11   requests an order prohibiting persons not identified in paragraph 9 of the Protective Order from

12   attending the hearing or viewing any transcription thereof, except as otherwise agreed by the Parties,

13   as applicable.  Apple further respectfully requests permission to submit proposed redactions before

14   any transcription or order issuing from the Motions is published.

16   Dated: April 17, 2015                          Respectfully submitted,

18                                                  GIBSON, DUNN & CRUTCHER LLP

20                                     By:     _/s/ Y. Ernest Hsin_____

21                                             JOSH KREVITT, SBN 208552
                                               jkrevitt@gibsondunn.com
22                                             GIBSON, DUNN & CRUTCHER LLP
                                               200 Park Avenue
23                                             New York, NY 10166-0193
                                               Telephone:  (212) 351-4000

24                                             H. MARK LYON, SBN 162061
                                               mlyon@gibsondunn.com
25                                             Y. ERNEST HSIN, SBN 201668
                                               ehsin@gibsondunn.com
26                                             STUART M. ROSENBERG, SBN 239926
                                               srosenberg@gibsondunn.com
27

28                                             GIBSON, DUNN & CRUTCHER LLP
                                               1881 Page Mill Road

MOTION TO SEAL COURTROOM DURING
APRIL 22, 2015 HEARING

CASE NO. 13-CV-04134-VC

1

Palo Alto, CA 94304-1211
Telephone:  (650) 849-5322
Fax:  (650) 849-5333

2

3

BROOKE MYERS WALLACE, SBN 259169
bwallace@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000

4

5

6

7

*Attorneys for Apple Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.4, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.4(c) and (d) via the Court's ECF system.

Dated:  April 17, 2015                             */s/ Y. Ernest Hsin*
_____

MOTION TO SEAL COURTROOM DURING
APRIL 22, 2015 HEARING

CASE NO. 13-CV-04134-VC