UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNWIRED PLANET, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC,<br><br>    Defendant. | Case No. 13-cv-04134-VC<br><br>**ORDER DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 310, 316, 318, 323, 325, 332, 335, 339, and 340 |

Unwired Planet and Apple have filed a number of motions to seal in connection with their cross-motions for summary judgment and Apple's motion to exclude. These motions are denied. First, Unwired Planet suggests that it has established "good cause" for sealing the relevant documents, but "good cause" is not the correct standard for sealing documents in connection with a dispositive motion. Rather, the proponent of sealing, whether Unwired Planet or Apple, must provide "compelling reasons supported by specific factual findings" that outweigh the public's interest in disclosure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Second, both parties have submitted proposed sealing orders which are not narrowly tailored to seal only sealable information. Unwired Planet has attempted to seal the entirety of its motion for summary judgment, its opposition to Apple's motion for summary judgment, and its opposition to Apple's motion to exclude, rather than only the portions that actually contain confidential information.[1] And both parties have attempted to seal the entirety of all exhibits

---

[1] Apple initially committed the same error by filing fully redacted versions of its motion for summary judgment, its motion to exclude, and its reply to Unwired Planet's opposition to Apple's motion for summary judgment. However, it later filed errata notices and attached publicly filed versions of these briefs which only redacted the allegedly confidential information. The Court appreciates Apple's correction, but given the problems with the other motions to seal, as well as the likely confusion to the public which stems from the errata filing, the Court believes the best solution is to require both parties to refile all of their motions to seal, rather than to grant in part and deny in part Apple's motions to seal.

which they allege contain confidential information, rather than only the sealable portions of those exhibits. Third, Apple's motions seek to seal information that Unwired Planet has designated as confidential pursuant to the protective order, yet Unwired Planet failed to file responsive declarations as required by N.D. Cal. Civil Local Rule 79-5(e)(1). For all of these reasons, the motions to seal are denied. The parties have seven days to refile them. They must meet the relevant standard for sealing information and must follow all provisions of Local Rule 79-5. If the parties fail to abide by the local rules, or attempt to seal information that is not sealable, they will be required to file all motions and exhibits publicly.

In addition to the motions to seal filed in connection with the parties' cross-motions for summary judgment and Apple's motion to exclude, the parties have brought motions to seal the courtroom during the motions hearing on April 22, 2015. Unwired Planet's motion, which only seeks to seal any discussion of its contracts with certain third parties, is appropriately tailored and is granted. Dkt. No. 339. Apple's motion, which seeks to seal the entire proceeding, is denied. Dkt. No. 340. However, at the beginning of the hearing the Court will discuss with the parties, under seal, how best to structure the hearing to balance the public's right of access with the need to protect confidential information.

**IT IS SO ORDERED.**

Dated: April 21, 2015

_____
VINCE CHHABRIA
United States District Judge

2