Courtland L. Reichman, SBN 268873
creichman@mckoolsmith.com
MCKOOL SMITH HENNIGAN, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065
Telephone: (650) 394-1400
Fax: (650) 394-1422

Theodore Stevenson III (*pro hac vice*)
tstevenson@mckoolsmith.com
300 Crescent Court, Suite 1500
MCKOOL SMITH, P.C.
Dallas, Texas 75201
Telephone: (214) 978-4000
Fax: (214) 978-4044

Kevin Burgess (*pro hac vice*)
kburgess@mckoolsmith.com
John B. Campbell (*pro hac vice*)
jcampbell@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th St., Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Fax: (512) 692-8744

*Attorneys for Plaintiff*

Josh Krevitt, SBN 208552
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile:  212.351.4035

H. Mark Lyon, SBN 162061
mlyon@gibsondunn.com
Y. Ernest Hsin, SBN 201668
ehsin@gibsondunn.com
Stuart M. Rosenberg, SBN 239926
srosenberg@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile:  650.849.5333

Brooke Myers Wallace, SBN 259169
bwallace@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **UNWIRED PLANET LLC,**<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**APPLE INC.,**<br><br>　　　　　**Defendant.** | CASE NO. 3:13-cv-4134-VC<br><br>**JOINT PROPOSED VERDICT FORM** |

**IT IS SO ORDERED**.

DATE: _____, 2015

_____
Honorable Vince Chhabria
United States District Judge

**[Stipulated Sections A through C]**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form.  Your answer to each question must be unanimous.  Some of the questions contain legal terms that are defined and explained in the Jury Instructions.  Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case:

**A.    FINDINGS ON INFRINGEMENT**

**DIRECT INFRINGEMENT**

1. For each of the patents below, do you find by a preponderance of the evidence that any of the accused Apple products satisfy the limitations of any of the following claims?

    **Select "Yes" or "No" for each listed claim.**  (An answer of Yes is a finding for Unwired Planet.  An answer of No is a finding for Apple.)

    **'260 Patent**

| Accused Product | iPhone | iPad | iPad mini | iPod touch |
|---|---|---|---|---|
| Claim 1 | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ |
| Claim 16 | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ |

**'092 Patent**

| Accused Product | iPhone | WiFi + Cellular iPad and iPad mini | WiFi + 3G iPad and iPad mini |
|---|---|---|---|
| Claim 20 | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ |

*(Direct Infringement Continued)*

### '446 Patent

| Accused Product | iPhone or iPad or iPad mini or iPod touch and Apple Servers |
|---|---|
| Claim 15 | Yes:_____  No: _____ |
| Claim 35 | Yes:_____  No: _____ |

### '831 Patent

| Accused Product | iPhone or iPad or iPad mini or iPod touch and Apple Servers |
|---|---|
| Claim 17 | Yes:_____  No: _____ |
| Claim 25 | Yes:_____  No: _____ |

| Accused Product | iPhone | iPad | iPad mini | iPod touch |
|---|---|---|---|---|
| Claim 23 | Yes:_____  No: _____ | Yes:_____  No: _____ | Yes:_____  No: _____ | Yes:_____  No: _____ |

CASE NO. 3:13-CV-4134-VC
JOINT PROPOSED VERDICT FORM

# INDUCED INFRINGEMENT

**Only answer Question 2 if you answered YES for any claim in Question 1. Otherwise, skip to Question 3.**

2. For each of the patents below, do you find by a preponderance of the evidence that Apple has induced others to infringe any of the following claims?

    **Select "Yes" or "No" for each listed claim.** (An answer of Yes is a finding for Unwired Planet. An answer of No is a finding for Apple.)

**'260 Patent**

| Accused Product | iPhone | iPad | iPad mini | iPod touch |
|---|---|---|---|---|
| Claim 1 | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ |
| Claim 16 | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ |

**'092 Patent**

| Accused Product | iPhone | WiFi + Cellular iPad and iPad mini | WiFi + 3G iPad and iPad mini |
|---|---|---|---|
| Claim 20 | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ |

4

*(Induced Infringement Continued)*

### '446 Patent

| Accused Product | iPhone or iPad or iPad mini or iPod touch and Apple Servers |
|---|---|
| Claim 15 | Yes:_____  No: _____ |
| Claim 35 | Yes:_____  No: _____ |

### '831 Patent

| Accused Product | iPhone or iPad or iPad mini or iPod touch and Apple Servers |
|---|---|
| Claim 17 | Yes:_____  No: _____ |
| Claim 25 | Yes:_____  No: _____ |

| Accused Product | iPhone | iPad | iPad mini | iPod touch |
|---|---|---|---|---|
| Claim 23 | Yes:_____  No: _____ | Yes:_____  No: _____ | Yes:_____  No: _____ | Yes:_____  No: _____ |

**CONTRIBUTORY INFRINGEMENT**

**Only answer Question 3 if you answered YES for any claim in Question 1. Otherwise, skip to Question 4.**

3. For each of the patents below, do you find by a preponderance of the evidence that Apple has contributed to the direct infringement of any of the following claims?

    **Select "Yes" or "No" for each listed claim.** (An answer of Yes is a finding for Unwired Planet. An answer of No is a finding for Apple.)

    **'260 Patent**

| Accused Product | iPhone | iPad | iPad mini | iPod touch |
|---|---|---|---|---|
| Claim 1 | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ |
| Claim 16 | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ |

**'092 Patent**

| Accused Product | iPhone | WiFi + Cellular iPad and iPad mini | WiFi + 3G iPad and iPad mini |
|---|---|---|---|
| Claim 20 | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ |

*(Contributory Infringement Continued)*

### '446 Patent

| Accused Product | iPhone or iPad or iPad mini or iPod touch and Apple Servers |
|---|---|
| Claim 15 | Yes:_____ <br> No: _____ |
| Claim 35 | Yes:_____ <br> No: _____ |

### '831 Patent

| Accused Product | iPhone or iPad or iPad mini or iPod touch and Apple Servers |
|---|---|
| Claim 17 | Yes:_____ <br> No: _____ |
| Claim 25 | Yes:_____ <br> No: _____ |

| Accused Product | iPhone | iPad | iPad mini | iPod touch |
|---|---|---|---|---|
| Claim 23 | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ | Yes:_____ <br> No: _____ |

7

B. **FINDINGS ON INVALIDITY**

**ANTICIPATION**

4. Did you find by clear and convincing evidence that any of the following claims are invalid as anticipated by the prior art?

**Select "Yes" or "No" for each listed claim.** (An answer of Yes is a finding for Apple. An answer of No is a finding for Unwired Planet.)

**'260 Patent**

| Claim 1 | Yes_____ | No_____ |

| Claim 16 | Yes_____ | No_____ |

**'092 Patent**

| Claim 20 | Yes_____ | No_____ |

**'446 Patent**

| Claim 15 | Yes_____ | No_____ |

| Claim 35 | Yes_____ | No_____ |

**'831 Patent**

| Claim 17 | Yes_____ | No_____ |

| Claim 23 | Yes_____ | No_____ |

| Claim 25 | Yes_____ | No_____ |

**OBVIOUSNESS**

5.  Did you find by clear and convincing evidence that any of the following claims are invalid as obvious in view of the prior art?

**Select "Yes" or "No" for each listed claim.**  (An answer of Yes is a finding for Apple.  An answer of No is a finding for Unwired Planet.)

**'260 Patent**

Claim 1      Yes_____      No_____

Claim 16     Yes_____      No_____

**'092 Patent**

Claim 20     Yes_____      No_____

**'446 Patent**

Claim 15     Yes_____      No_____

Claim 35     Yes_____      No_____

**'831 Patent**

Claim 17     Yes_____      No_____

Claim 23     Yes_____      No_____

Claim 25     Yes_____      No_____

# WRITTEN DESCRIPTION REQUIREMENT

6. Did you find by clear and convincing evidence that any of the patents below do not contain an adequate written description for any of the following claims?

   **Select "Yes" or "No" for each listed claim.**  (An answer of Yes is a finding for Apple. An answer of No is a finding for Unwired Planet.)

   **'260 Patent**

   Claim 1        Yes_____        No_____

   Claim 16       Yes_____        No_____

   **'446 Patent**

   Claim 15       Yes_____        No_____

   Claim 35       Yes_____        No_____

   **'831 Patent**

   Claim 17       Yes_____        No_____

   Claim 23       Yes_____        No_____

   Claim 25       Yes_____        No_____

# ENABLEMENT REQUIREMENT

7. Did you find by clear and convincing evidence that the patent below does not contain a description of the claimed invention sufficient to enable persons of ordinary skill in the art to make and use the invention for any of the following claims?

   **Select "Yes" or "No" for each listed claim.**  (An answer of Yes is a finding for Apple. An answer of No is a finding for Unwired Planet.)

   **'260 Patent**

   Claim 1        Yes_____        No_____

   Claim 16       Yes_____        No_____

**C.     FINDINGS ON PATENT ENFORCEABILITY**

8.   Did you find by clear and convincing evidence that the patent below is unenforceable due to inequitable conduct committed by the inventors?

**Select "Yes" or "No."**  (An answer of Yes is a finding for Apple.  An answer of No is a finding for Unwired Planet.)

**'260 Patent**    Yes_____          No_____

[Disputed Section D – *Unwired Planet's Proposal*]

D. **FINDINGS ON DAMAGES**

**REASONABLE ROYALTY**

**If you have found any claim infringed AND not invalid, answer Question 9. Otherwise, do not answer Question 9.**

9. What sum of money do you find from a preponderance of the evidence is sufficient to compensate Unwired Planet for Apple's conduct that you found infringing? Provide the amount, if any, in dollars and cents.

   Answer:

   a) Running royalty payment of $ _____; or

   b) One-time payment of $ _____ through trial.

**[Disputed Section D –** *Apple's Proposal***]**

E. **FINDINGS ON DAMAGES**

**REASONABLE ROYALTY**

**If you have found any claim infringed AND not invalid, answer Questions 9-11. Otherwise, do not answer Questions 9-11.**

9. In the hypothetical negotiation, do you find that the parties would have agreed to a license agreement for a running royalty or for a fully paid-up lump sum? Choose only one.

    **Running royalty**: _____   OR   **Fully paid-up lump sum**: _____

**Only answer the following Question 10 if you chose "running royalty" in Question 9. If you chose "fully paid-up lump sum" in Question 9, skip to Question 11.**

10. What "royalty base" and what "royalty rate" do you find from a preponderance of the evidence would fairly and reasonably compensate Unwired Planet for Apple's infringement through [September 16, 2014] (fill in the numbers in the blanks):

| **Royalty Base** | (1) Number of Devices | _____ |
|---|---|---|
| **Royalty Rate** | (2) Amount per unit ($) | _____ |
| | **Total Amount**: (1) x (2)  =  $ _____ | |

**Only answer the following Question 11 if you chose "fully paid-up lump sum" in Question 9.**

11. What fully paid-up lump sum of money, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Unwired Planet for Apple's infringement?

    **Answer with the amount**: $ _____

13

This is the end of the verdict form. Please review it to ensure that it accurately reflects your unanimous determinations. The Jury Foreperson should then sign and date the verdict form in the spaces below.

**Certification of Jury Verdict:**

_____
Jury Foreperson

_____
Date

DATED:  May 1, 2015

| **McKool Smith Hennigan, P.C.** | **Gibson, Dunn & Crutcher LLP** |
|---|---|
| By */s/  Kevin Kneupper* | By */s/ Brooke Myers Wallace* |
| Courtland L. Reichman (SBN 268873)<br>creichman@mckoolsmithhennigan.com<br>McKool Smith Hennigan, P.C.<br>255 Shoreline Drive, Suite 510<br>Redwood Shores, CA 94065<br>Telephone: (650) 394-1400<br>Facsimile: (650) 394-1422 | Josh Krevitt, SBN 208552<br>jkrevitt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: 212.351.4000<br>Facsimile:  212.351.4035 |
| Theodore Stevenson III (*pro hac vice*)<br>tstevenson@mckoolsmith.com<br>McKool Smith, P.C.<br>300 Crescent Court, Suite 1500<br>Dallas, Texas 75201<br>Telephone: (214) 978-4000<br>Fax: (214) 978-4044 | H. Mark Lyon, SBN 162061<br>mlyon@gibsondunn.com<br>Y. Ernest Hsin, SBN 201668<br>ehsin@gibsondunn.com<br>Stuart M. Rosenberg, SBN 239926<br>srosenberg@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: 650.849.5300<br>Facsimile:  650.849.5333 |
| Kevin Burgess (*pro hac vice*)<br>kburgess@mckoolsmith.com<br>John B. Campbell (*pro hac vice*)<br>jcampbell@mckoolsmith.com<br>Kevin Kneupper (*pro hac vice*)<br>kkneupper@mckoolsmith.com<br>Leah Buratti (*pro hac vice*)<br>lburatti@mckoolsmith.com<br>Mario A. Apreotesi (*pro hac vice*)<br>mapreotesi@mckoolsmith.com<br>McKool Smith, P.C.<br>300 W. 6th St., Suite 1700<br>Austin, Texas 78701<br>Telephone: (512) 692-8700<br>Fax: (512) 692-8744 | Brooke Myers Wallace, SBN 259169<br>bwallace@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>Telephone: 213.229.7000<br><br>*Attorneys for Defendant Apple Inc.* |
| *Attorneys for Plaintiff Unwired Planet LLC* | |

## ATTESTATION OF CONCURRENCE IN FILING

In accordance with the Northern District of California's Civil L.R. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from Kevin Kneupper, of McKool Smith Hennigan, P.C.

Dated: May 1, 2015                    By:     */s/ Brooke Myers Wallace*
                                              Brooke Myers Wallace
                                              GIBSON, DUNN & CRUTCHER LLP

*Attorney for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil L.R. 5.4, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil L.R. 5.4 via the Court's ECF system.

Dated: May 1, 2015         By:    */s/ Brooke Myers Wallace*
                                  Brooke Myers Wallace
                                  GIBSON, DUNN & CRUTCHER LLP

*Attorney for Defendant Apple Inc.*

17
CASE NO. 3:13-CV-4134-VC
JOINT PROPOSED VERDICT FORM