Josh Krevitt, #208552
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Ave.
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

H. Mark Lyon, # 162061
mlyon@gibsondunn.com
Y. Ernest Hsin, # 201668
ehsin@gibsondunn.com
Stuart M. Rosenberg, # 239926
srosenberg@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Rd.
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNWIRED PLANET LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | Case No. 3:13-cv-4134-VC (JCS) <br><br><br> **TRIAL BRIEF OF DEFENDANT APPLE INC.** <br><br><br><br> **Judge: Hon. Vince Chhabria** |

## I.    INTRODUCTION

Apple Inc. ("Apple") will show at trial that the patent infringement claims brought by Unwired Planet, LLC ("Unwired") are meritless.  First, Unwired cannot meet its burden to prove infringement.  Unwired cannot prove literal infringement because each asserted patent claim contains at least several claim limitations that are not met by Apple's accused iOS devices – even beyond the limitations addressed in Apple's pending motions for summary judgment.  Further, Unwired has not pursued (and cannot pursue) infringement under the Doctrine of Equivalents. *See, e.g.*, D.I. 316-15 at 77:6-18, 144:25-145:12, 318:9-25 (Unwired's expert admitting that he has not conducted a Doctrine of Equivalents analysis).  Unwired also cannot prove liability for indirect infringement, because Apple has never possessed any intent to cause infringement and has not contributed to or induced infringement by others.

Further, each of the asserted claims is invalid, and so cannot give rise to any liability. Each claim is invalid because it is anticipated by and obvious over the prior art, including prior publications and systems created by third parties, and also including Unwired Planet's own prior documents, public uses, and offers for sale.  *See* 35 U.S.C. §§102-103.  The claims are also invalid because they fail one or more of the requirements of Section112 of the Patent Act, including the enablement, written description, and definiteness requirements.  *See id.*, §112.[1] U.S. Patent No. 6,647,260 ("the '260 Patent") is also unenforceable because named inventors committed inequitable conduct by withholding their own material prior-art UP.Link system from the Patent Office with intent to deceive the examiner into allowing the claims.

Finally, Unwired is not entitled to the relief it seeks in any event. Unwired's damages claim is limited to post-suit damages, both under the equitable doctrine of laches (because Unwired delayed unreasonably before filing this suit) and by Unwired's failure to comply with the marking requirement.  *See id.,* §287.  Unwired is not entitled to any injunctive relief, and

---

[1] Because the patents in suit here were issued from applications filed before enactment of the America Invents Act ("AIA"), Pub. L. No. 112-29, they are subject to the pre-AIA versions of Sections 102-103 and 112.  *See, e.g.*, *Alcon Research Ltd. v. Barr Laboratories, Inc.*, 745 F. 3d 1180, 1183 n.1 (Fed. Cir. 2014).

Unwired's damages claim is vastly disproportionate to the alleged infringement and is orders of magnitude larger than the law allows.  *See id.*, §284.

## II.    ARGUMENT

### A.    '831 Patent Claims 17, 23, and 25 Are Not Infringed and Are Invalid

The asserted claims of U.S. Patent No. 6,317,831 ("the '831 Patent") relate to communications between a mobile device and a server over both a "wideband channel" and a "narrowband channel."  Unwired argues that Apple's Push Notification Service ("APNS") infringes these claims when used on iOS devices, but in fact APNS does not meet several limitations of each claim.  For example, as explained in Apple's pending motion for summary judgment, APNS does not meet the "narrowband channel" limitation present in each claim.  D.I. 316-3 (Summary Judgment Motion) at 18-26; D.I. 335-3 (Reply) at 5-9.  Even independent of this step, Apple will show at trial that its devices do not meet *other* limitations of the claims, including for example that the "wideband channel" must be used to "encrypt[]" (claim 17), "cryptographically process[]" (claim 25), or "establish a secure connection" (claim 23) for the communications *sent over the "narrowband channel."*  For further example, APNS does not use the "one-way channel" required by claim 17.

Apple also will show that the asserted '831 Patent claims are invalid over the prior art.  They are anticipated by prior art including U.S. Patent No. 6,396,612 ("Bjorndahl") and also including the GSM system and Unwired's own UP.Link system (both of which were in public use more than one year before Unwired filed the application for the '831 patent).  They also are invalid for obviousness in light of these and other references and systems named in Apple's Section 282 notice.  Moreover, these claims are invalid for lack of enablement and inadequate written description.  For example, while Unwired contends that the "wideband" and "narrowband" channel limitations can both be met by a single, persistent IP connection, and that the "narrowband" limitation can be met by a payload-size restriction, the '831 patent does not disclose such an invention.  The documents and testimony introduced at trial will prove by clear and convincing evidence that the asserted '831 Patent claims are invalid under Sections 102, 103, and 112 of the Patent Act.

**B.     '446 Patent Claims 15 and 35 Are Not Infringed and Are Invalid**

The asserted claims of U.S. Patent No. 6,532,446 ("the '446 Patent") relate to server-based systems for providing speech recognition services to mobile devices.  Unwired argues that Apple's Siri infringes these claims, but in fact Siri does not meet at least several limitations of each claim.  For example, as explained in Apple's pending summary judgment motion and supplemental briefing, Siri does not use the "voice channel" required by the claims under the Court's construction.  D.I. 316-3 at 26-32; D.I. 335-3 at 9-12; D.I. 380 (Further Briefing).  Even independent of this requirement, Apple will show at trial that Siri does not meet *other* limitations of the claims.  For example, Siri does not use "user specific files" as required by both asserted claims, and does not "send[] the symbolic data file to the wireless communication device using a second communication path," as required by claim 15.

Apple also will show that the asserted '446 Patent claims are invalid over the prior art.  There was an wealth of prior research and development in the field of speech recognition before Unwired filed its patent application, and the asserted claims are anticipated by each of many references and systems, including but not limited to U.S. Patent Nos. 6,408,272 ("White"), 6,366,882 ("Bijl"), 5,956,681 ("Yamakita"), and 6,385,586 ("Dietz").  *See, e.g.*, D.I. 316-3 at 32-38; D.I. 335-3 at 12-15.  The claims also are anticipated by CyberTranscriber, a system that was on sale and in public use in the United States more than a year before Unwired's patent application.  Further, the claims are invalid for obviousness in light of these and other references and systems named in Apple's Section 282 notice.  Moreover, the claims are invalid under Section 112 of the Patent Act.  For example, while Unwired contends that a TCP/IP data connection such as the one used by Siri can satisfy the "voice input" limitations of the claims, the '446 patent does not teach or describe any such invention, and the term "voice input" would be rendered fatally indefinite if it were stretched to read on a TCP/IP data connection.  In sum, the documents and testimony introduced at trial will prove by clear and convincing evidence that the asserted '446 patent claims are invalid under Sections 102, 103, and 112 of the Patent Act.

**C. '092 Patent Claim 20 Is Not Infringed and Is Invalid**

Asserted claim 20 of U.S. Patent No. 6,321,092 ("the '092 Patent") recites a method for obtaining location information regarding a "wireless station" by utilizing "location inputs" from multiple sources of "location finding equipment" (LFEs). Unwired argues that Apple's Location Services software infringes these claims when used on iOS devices, but in fact Location Services does not meet at least several limitations of each claim. For example, as explained in Apple's pending motion for summary judgment, Location Services does not receive and use "location inputs" from multiple LFEs. D.I. 316-3 at 45-49; D.I. 335-3 at 18-19. Even independent of this requirement, Apple will show at trial that Location Services does not perform *other* steps required by claim 20, including for example "obtaining said requested location information by performing a query of said data based on said device dependent location inputs and selectively retrieving data from said memory based on said device dependent location request."

Apple also will show that claim 20 of the '092 Patent is invalid over the prior art. For example, as explained in Apple's pending motion for summary judgment, Unwired offered the claimed invention for sale and rendered it ready for patenting more than one year before filing the earliest patent application to which the '092 patent claims priority. D.I. 316-3 at 6-14; D.I. 335-3 at 1-4. Therefore claim 20 is invalid under the on-sale bar. Claim 20 also is anticipated by each of several prior art references including but not limited to U.S. Patent Nos. 7,764,231 ("Karr"), 5,420,594 ("FitzGerald"), and 6,040,800 ("Raith"), and non-patent references including a Motorola publication ("Proposal for LFS") and a publication by the International Civil Aviation Organization ("ADS ICAO Circular"). Further, claim 20 is invalid for obviousness in light of these and other references and systems named in Apple's Section 282 notice. Moreover, claim 20 is invalid under Section 112 of the Patent Act, because the '092 Patent fails to disclose key aspects of the claimed invention, such as a "standard protocol defining requested location information independent of any particular type of location finding equipment." In sum, the documents and testimony introduced at trial will prove by clear and convincing evidence that the asserted claims of the '092 patent are invalid under Sections 102, 103, and 112 of the Patent Act.

**D.    '260 Patent Claims 1 and 16 Are Not Infringed and Are Invalid**

The asserted '260 Patent claims recite a specific method for "provisioning a two-way mobile communication device."  Unwired argues that the accused iOS devices infringe these claims when used to download applications via the App Store, but in fact the accused devices do not perform at least several of the recited steps, and therefore do not infringe.  For example, as addressed in Apple's pending summary judgment motion, the accused devices do not "generat[e] a provisioning request" comprising both (1) "the user information" that was provided by a user to the device as required to establish a user account and (2) "the user's selection" of a feature or service.  D.I. 316-3 at 38-45; D.I. 335-3 at 15-18.  Even independent of this step, Apple will show at trial that its devices do not perform *other* steps of the claims, including but not limited to "displaying a list of selectable identifiers on the display, each selectable identifier corresponding to a selectable feature or service for which the two-way mobile communications device can be provisioned," and "provisioning the two-way mobile communications device with a feature or service based on the reply."

Apple also will show that the asserted '260 Patent claims are invalid. They are anticipated by earlier patents and publications that disclose exactly the same methods of provisioning, including but not limited to U.S. Patent Nos. 6,587,684 ("Hsu") and 5,721,780 ("Ensor").  They are also anticipated by Unwired's own UP.Link system, which Unwired placed on sale and in public use more than one year before filing the application leading to the '260 Patent.  The claims also would have been obvious to a person of skill in the art in light of these and other references and systems named in Apple's Section 282 notice.

Moreover, the asserted claims are invalid for lack of enablement and inadequate written description.  For example, the patent does not disclose how to accomplish the downloading and installation of full-featured software applications to a mobile device, yet Unwired contends that the claims cover exactly that technology.  In short, the documents and testimony introduced at trial will prove by clear and convincing evidence that the asserted claims of the '260 patent are invalid under Sections 102, 103, and 112 of the Patent Act.

**E.      The '260 Patent is Unenforceable Because of Inequitable Conduct**

Apple will further show that it is not liable for infringement because the '260 Patent is unenforceable due to inequitable conduct.[2]   As explained in Apple's opposition to Unwired's pending motion for summary judgment on this issue, named inventors Peter King and Bruce Martin withheld material prior art from the Patent Office – namely, their own work on UP.Link, Unwired's flagship product – and did so with intent to deceive.  D.I. 316-3 at 1-4.

**F.      Unwired Cannot Prove Indirect Infringement**

Unwired alleges that Apple infringes the asserted claims indirectly by inducing and contributing to direct infringement by others.  But even if Unwired could prove direct infringement by others, Unwired still would not be able to prove indirect infringement, because Apple does not have, and has never had, the intent to induce or contribute to infringement. Apple has never believed that there is infringement or that the asserted claims are valid, and instead Apple has consistently held the reasonable, good-faith view that these claims are not infringed and are invalid.   Indeed, the Court already has held in dismissing Unwired's willfulness claim that "Apple has an objectively reasonable basis for believing it does not infringe any of the four patents held by Unwired Planet, and no reasonable juror could conclude otherwise by clear and convincing evidence."  D.I. 348 at 2.  Therefore Unwired cannot prove indirect infringement at trial.  *See, e.g.*, D.I. 316-3 at 49-50; D.I. 335-3 at 19-20.

**G.      Unwired's Damages Claim Is Barred and Is Not Supportable**

Unwired seeks many millions of dollars from Apple for alleged infringement, but even if infringement and validity were proven, Unwired would not be entitled to the relief it seeks. First, Unwired's pre-suit damages are barred by the equitable doctrine of laches, at least with respect to the '260, '092, and '831 patents.  Apple will show that Unwired knew of the alleged infringement for *years* before filing this suit, yet did not put Apple on notice, and instead engaged with Apple on different patents and issues.  *See, e.g.*, D.I. 316-3 at 16-18.  Next, as

---

[2]  The parties have agreed that if acceptable to the Court, they will submit the issue of inequitable conduct to the jury for an advisory verdict before the Court makes the ultimate determination on this equitable issue.

Apple has explained in its summary judgment motion on marking, Unwired is not entitled to claim pre-suit damages for the asserted patents containing apparatus claims.  D.I. 316-3 at 14-16l D.I. 335-3 at 4-5.  Unwired did not mark substantially all of its own products or its licensees' products made under the patents, and did not provide Apple with actual notice of the alleged infringement before suit, and thereby failed to comply with the statutory requirements for pre-suit damages.  *See* 35 U.S.C. §287.

Finally, even if Unwired could prove that it were entitled to damages, the law would still not support the amount that Unwired has claimed.  As explained in Apple's *Daubert* motion, Unwired's damages theory is based on fundamentally flawed premises, including a consumer survey that is entirely untethered to the scope of the asserted patent claims, patent license agreements that are not comparable to hypothetically negotiated license here, and the self-serving, unsupported "expert" testimony of Unwired's own executive (who has admitted that he is not an expert on patent valuation at all).  D.I. 318-3 (*Daubert* motion); D.I.  332-4 (Reply for *Daubert* motion).  Under the law, Unwired would be entitled only to a "reasonable royalty," *see* 35 U.S.C. §284, and here Unwired's damages claim is entirely unreasonable.  Apple will show at trial that if the asserted patent claims are deemed valid and infringed, then Unwired would be entitled to no more than a small fraction of the amount that Unwired seeks.  Moreover, Unwired would not be entitled to any injunctive or other prospective relief, at least because Unwired cannot show any irreparable injury.  *See, e.g.*, *Voda v. Cordis Corp.*, 536 F. 3d 1311, 1329 (Fed. Cir. 2008) (affirming denial of permanent injunction where patentee failed to show that alleged infringement caused patentee irreparable injury).

### III.    CONCLUSION

For the foregoing reasons, Apple respectfully submits that Unwired's claims in this suit are meritless and should be dismissed at trial if they are not dismissed before then at summary judgment.

Dated:  May 1, 2015.

By: */s/ Y. Ernest Hsin*

Josh Krevitt

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Ave.
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

H. Mark Lyon
mlyon@gibsondunn.com
Y. Ernest Hsin
ehsin@gibsondunn.com
Stuart Rosenberg
srosenberg@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Rd.
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil L.R. 5.4, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil L.R. 5.4 via the Court's ECF system.

Dated:  May 1, 2015                    By: */s/ Brooke Myers Wallace*
                                            Y. Ernest Hsin
                                            GIBSON, DUNN & CRUTCHER LLP

                                            *Attorney for Defendant Apple Inc.*