UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNWIRED PLANET, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC,<br><br>    Defendant. | Case No. 13-cv-04134-VC<br><br>**ORDER GRANTING MOTION FOR REVIEW OF COSTS AND MOTION TO SEAL**<br><br>Re: Dkt. Nos. 467, 469 |

The Court grants Apple's motion for review of the Clerk's taxation of costs.

Apple persuasively argues that it should recover $74,204.35 in costs for deposition transcripts. A prevailing party may recover costs for both written transcripts and video recordings of depositions, *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1370 (Fed. Cir. 2001), and "a sensible reading of [Civil Local Rule 54-3(c)] covers the cost of videotaping and the cost incurred by the court reporter associated with obtaining a stenographic transcription of a deposition, as well as the cost of one copy of the videotape and of the written transcript, " *MEMC Elec. Materials v. Mitsubishi Materials*, No. 01-4925, 2004 WL 5361246, at *3 (N.D. Cal. Oct. 22, 2004). Thus, Apple may recover costs for one written transcript of each deposition, one video recording of each deposition, and one copy of each written transcript and video recording.

Apple's argument that it should recover $1,120.90 in costs for hearing transcripts is also persuasive. In patent cases, this district often allows prevailing parties to recover costs for transcripts of claim construction hearings and hearings on motions for summary judgment. *See Apple Inc. v. Samsung Elec. Co.*, No. 11-1846, 2014 WL 4745933, at *8 (N.D. Cal. Sept. 19, 2014); *eBay Inc. v. Kelora Sys., LLC*, No. 10-4947, 2013 WL 1402736, at *11 (N.D. Cal. Apr. 5, 2013); *MEMC*, 2004 WL 5361246, at *2. The prevailing party in this case—Apple—may recover costs for such transcripts, too.

Apple may also recover $27,388.54 in reproduction and exemplification costs. First, Apple may recover $14,373.28 in costs for the production of documents in electronic discovery. "[T]he costs of producing a document electronically can be recoverable" as reproduction costs under 28 U.S.C. § 1920(4), *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d at 1365, and the costs Apple seeks here are therefore recoverable under Civil Local Rule 54-3(d)(2), *see eBay*, 2013 WL 1402736, at *5-*7. Second, Apple may recover $13,015.26 in miscellaneous reproduction and exemplification costs. Unwired disputes Apple's entitlement to $12,147.30 of this amount, a figure that reflects costs associated with Apple's demonstratives. But Apple's demonstratives were "reasonably necessary to assist . . . the Court in understanding the issues," Civ. Loc. R. 54-3(d)(5), and the Court is satisfied that Apple now seeks costs only for "the physical preparation and supplication" of the demonstratives, *Emblaze Ltd. v. Apple Inc.*, No. 11-1079, 2015 U.S. Dist. LEXIS 35366, at *22 (N.D. Cal. Mar. 20, 2015).

In sum, Apple's motion for review of the Clerk's taxation of costs is granted. Taking into account $551.20 in witness fees (an amount that now appears undisputed), Apple may recover $103,264.99 in costs.

Unwired's motion to seal part of its response to Apple's motion is also granted.

**IT IS SO ORDERED.**

Dated: September 24, 2015

_____
VINCE CHHABRIA
United States District Judge

2