UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNWIRED PLANET, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC,<br><br>    Defendant. | Case No. 13-cv-04134-VC<br><br>**ORDER DENYING APPLE'S MOTION IN LIMINE #2**<br><br>Re: Dkt. No. 395 |

      Patent Local Rule 3-1 forces plaintiffs to refine their theories of infringement. *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1122 (N.D. Cal. 2006). It doesn't force them to lay out the evidence or argument they intend to use in support of those theories. *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 4479305, at *3 (N.D. Cal. Sept. 26, 2011). Although Unwired has added substance to its infringement contentions since serving them, Apple hasn't shown that any of this new information amounts to a new theory of infringement, as opposed to newly detailed evidence or argument supporting the theories already disclosed. The motion in limine is denied.[1]

      On the '260 patent, Apple objects to the use of Akamai-operated CDN servers as "provisioning servers." But to the extent these third-party servers are "server(s) involved in App Store processing," they are consistent with the existing contentions. *See* Dkt. No. 394-4 at 165, 167. And from the standpoint of giving Apple proper notice of Unwired's allegations of

---

[1] Apple's argument on the '446 patent is mooted by the Federal Circuit's revised claim construction.

infringement, whether App Store content delivery was done on in-house servers is of little practical significance. *See Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) ("[T]he degree of specificity under Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)).

Apple suggests that the "provisioning content" Unwired has identified is inconsistent with this Court's claim construction. But Apple is placing greater weight on Local Rule 3-1 than the rule can bear. The "content" Apple objects to is disclosed in the infringement contentions. *See* Dkt. No. 394-4 at 168. That ends the enquiry.

On the '092 patent, Apple insists that Unwired should have better explained how Location Services selectively retrieved data. But again, Local Rule 3-1 doesn't ask plaintiffs state their evidence. It asks plaintiffs to "identify[] specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality." Patent L.R. 3-1(c). Unwired did so, and its newly detailed argument is consistent with the broad theories previously disclosed. Dkt. No. 394-4 at 230-31. In any event, if Apple wanted more detail from Unwired's operative infringement contentions, it could have sought it when they were served. If Apple believed Unwired was stonewalling, it could have filed a motion to strike vague contentions or a motion to compel supplemental contentions with greater detail. Patent Local Rule 3-1 is "a discovery device." *Network Caching Tech. LLC v. Novell Inc.*, No. C-01-2079-VRW, 2002 WL 32126128, at *3 (N.D. Cal. Aug. 13, 2002). The rule "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *Id.* at *4. At this late stage, so long as the underlying infringement contentions remain the same, and so long as Unwired has otherwise complied with its discovery obligations, Apple can't credibly argue that it was denied adequate information about the allegations against it.

**IT IS SO ORDERED.**

Dated:  February 2, 2017

_____
VINCE CHHABRIA
United States District Judge